493 So.2d 581 (1986)
The LOUISIANA STATE MEDICAL SOCIETY
v.
The LOUISIANA STATE BOARD OF NURSING.
No. 86-CC-0400.
Supreme Court of Louisiana.
September 8, 1986.
*582 Mack E. Barham, M. Lizabeth Talbott, Barham & Churchill, New Orleans, for applicant.
Robert Conrad, Jr., Adams & Reese, Thomas Hallingan, Charleston Williams, Raymond T. Diamond, New Orleans, for respondent.
WATSON, Justice.
In this suit for declaratory judgment and injunctive relief, the Louisiana State Medical Society seeks to invalidate Rule 3.041[1] *583 of the Louisiana State Board of Nursing, which created the position of Primary Nurse Associate. The Medical Society contends that the position allows nurses to practice medicine.[2] The Louisiana State Nurses Association intervened on behalf of the Nursing Board.
The trial court overruled exceptions of prescription and lack of subject matter jurisdiction to the Medical Society's petition. A writ was granted by the court of appeal, which then recalled the writ and remanded for trial.[3] A writ was granted to review the judgment of the court of appeal.[4]
The Louisiana State Board of Nursing contends that the suit is time barred by the Medical Society's failure to file suit within the thirty day period provided in LSA-R.S. 49:964. However, that statute deals with "Judicial review of adjudication"[5] and this action for declaratory judgment is governed by LSA-R.S. 49:963, which deals with "Judicial review of validity or applicability of rules".[6] There is no time limit in LSA-R.S. 49:963 for a challenge to a rule because it is unconstitutional, exceeds the statutory authority of the agency, or was adopted without substantial compliance with required rule-making procedures.[7] Those are the grounds for the Medical Society's suit. The lack of a prescriptive period in LSA-R.S. 49:963 results from the fact *584 that prescription or laches cannot be asserted against a suit to declare a ruling or ordinance invalid or unconstitutional. Vieux Carre' Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964).
The two-fold requirements of LSA-R.S. 49:963 are: (1) that plaintiff has requested agency review; and (2) that review in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury. The Nursing Board held a hearing in October of 1983 as to the validity of R.N. 3.041 and upheld the rule. Thus, the first requirement of exhaustion of administrative review has been satisfied.
The second requirement is a showing that a party, who would otherwise lack standing for lack of a contested adjudicated case, has no other adequate remedy and would suffer irreparable injury from the rule. This rule was published in the Louisiana Register[8] on March 20, 1981, and has been in effect since that time. According to the Nursing Board's reasons for judgment,[9] no complaints have been lodged against advanced practitioners of nursing. In the Vieux Carre' case, plaintiffs established that their rights were affected. Since an injurious discrimination against them resulted from the ordinance in question, they had standing to question its constitutionality. The Medical Society alleges that a contested adjudicated case would not provide an adequate remedy and that Rule 3.041 inflicts irreparable injury on the Society. The allegation of irreparable injury is not particularized and appears doubtful on its face. Failure to support this allegation would result in the Society being out of court. Nevertheless, the allegation is there. Proof of this allegation is a necessary prerequisite to its suit. Since the record of the Nursing Board's hearing is not in evidence, the matter is remanded for trial: first as to standing; and then, if necessary, on the merits.
For the foregoing reasons, the judgment of the court of appeal is affirmed and the matter is remanded for trial.
AFFIRMED AND REMANDED.
DENNIS, J., dissents.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
A legislative scheme which provides the right of judicial review of an administrative decision impliedly contemplates continuity of the stages of the proceeding which has been instituted in the required administrative tribunal, even if there is no provision for a specific time limit in which to seek judicial review. Thus, a party who unsuccessfully challenges the rules of a state board in an administrative proceeding must promptly pursue judicial review of the denial of the challenge or suffer the loss of the right to pursue the challenge. Since La. R.S. 49:963 provides for judicial review of the agency decision but does not provide a specific time limitation, the courts should apply the sixty-day time limitation for devolutive appeals. Compare Corbello v. Sutton, 446 So.2d 301 (La.1984).
NOTES
[1] R.N. 3.041 Primary Nurse Associate (also known as nurse practitioner) effective March 20, 1981, provided:

"(1) A registered nurse who provides direct nursing care to individuals, families and other groups in a variety of settings including homes, institutions, offices, industry, schools and other community agencies. The nursing service provided by the primary nurse associate is aimed at the delivery of primary acute or chronic care which focuses on the maintenance, achievement, and restoration of optimal functions in the population. The primary nurse associate engages in nursing care decision making. The primary nurse associate also participates in making decisions with other health care professionals regarding the needs of clients, and functions under the direction of a physician.
"(2) By virtue of and consistent with additional educational preparation, knowledge and clinical skills, a primary nurse associate, under the direction of a physician, may perform appropriate nursing functions, including:
"(a) Assess and develop a comprehensive health data base (including the elicitation of a comprehensive health history and performance of physical assessment, using skills of observation, inspection, palpation, percussion and auscultation, as well as basic instruments and indicated screening procedures) for the purpose of reporting abnormal findings to the physician;
"(b) Plan, implement and evaluate nursing care consistent with medical treatment and care prescribed by a physician;
(c) Evaluate, plan, implement, and re-evaluate nursing care of individuals requiring emergency nursing measures;
(d) Initiate or modify medical treatment when and to the extent authorized by the treating physician within established plan of medical and nursing protocol;
(e) Assist the consumer in identifying and using the community resources available for follow-up health care services;
(f) Create and maintain accurate records, appropriate legal documents and other reports of client care consistent with the law;
(g) Develop individualized client teaching plans based on assessed nursing needs;
(h) Counsel individuals, families and groups about health and illness and promote health maintenance; and
(i) Recognize, initiate and participate in the development and implementation of professional and community educational programs related to health care."
Effective February 20, 1983, Rule 3.041 of the LSBN Rules for Primary Nurse Associates was amended to add Section (3) as follows:
"The educational requirements set forth in R.N. 3.04 shall not apply to any registered nurse who shows evidence that on or before March 20, 1981, the nurse (1) was actively pursuing a program from which national certification to practice as a primary nurse associate was received on or before September 20, 1981; or (2) was actively pursuing a formal educational program, which included didactic and clinical experience, from which certification to practice at the level of a primary nurse associate was received on or before September 20, 1981.
"In the event the certifying body in (1) or (2) of this section requires recertification, evidence of same shall be made available to the Board.
"Anyone wishing to qualify as a primary nurse associate under the provisions of this section must submit a formal application to the Board within six months of the effective date of this section."
At the Board meeting on July 26-27, 1984, the Louisiana State Board of Nursing gave notice of its intent to adopt two proposed amendments to its rules as follows:
"1. Amendment to R.N. 3.02, adding (4) to define the term `Under the direction of a Physician' as used in R.N. 3.041(1).
"2. Amendment to R.N. 3.041(2) to delete the term `under the direction of a physician'."
[2] The Medical Society initially challenged three other categories of nursing specialists established by the nursing board, to-wit: R.N. 3.042, Certified Nurse-Midwife; R.N. 3.043, Certified Nurse Anesthethist; and R.N. 3.044, Clinical Nurse Specialist. As to these rules, exceptions of prematurity no cause of action for failure to exhaust administrative remedies under the Administrative Procedure Act, LSA-R.S. 49:950, et seq., were sustained and the only issue remaining is the validity of R.N. 3.041 creating the speciality of Primary Nurse Associate.
[3] Louisiana State Medical Society v. Louisiana State Board of Nursing, 484 So.2d 903 (La.App. 1 Cir. 1986).
[4] 486 So.2d 727 (La. 1986).
[5] LSA-R.S. 49:964 provides in pertinent part:

"A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
"B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record. * * *"
[6] LSA-R.S. 49:963 provides:

"The validity of applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rule-making procedures. The agency shall be made a party to the action. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury."
[7] Compare Corbello v. Sutton, 446 So.2d 301 (La., 1984) which dealt with an "order" or adjudication by the Commissioner of Conservation.
[8] Vol. 7, No. 3.
[9] November 7, 1983.