Harlan RICHARDS, Plaintiff-Appellant,

v.

Tim CULLEN, Secretary, Department of Health &
Social Services, Defendant-Respondent.

Court of Appeals

*No. 89-0622. Submitted on briefs September 11,
1989.—Decided October 19, 1989.*

(Also reported in 449 N.W.2d 318.)

For the plaintiff-appellant there were briefs by *Harlan Richards,* pro se, of Waupun.

For the defendant-respondent there was a brief by *Donald J. Hanaway,* attorney general, with *Jennifer D. Ryan,* assistant attorney general, of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. Harlan Richards appeals from an order dismissing his action challenging Wis. Adm. Code, sec. HSS 309.39(1)(a)1, which defines a "housing emergency" within Wisconsin prisons. The issue is whether Richards has standing to challenge the rule. We believe he does not, and we therefore affirm the order.

Richards, an inmate at Waupun Correctional Institution, commenced a declaratory judgment action to invalidate the rule, which he claims illegally allows "double celling" of prisoners when the prisons are overcrowded. The rule was adopted pursuant to sec. 46.054(3), Stats., which states that the prison population limits at Waupun "may be exceeded if an emergency exists" and directs the Department of Health and Social Services to promulgate a rule defining "emergency."

Other code provisions declare that, except where an institutional housing emergency exists, the number of inmates in a cell is limited to "no more than the number for which the room was designed." Wis. Adm. Code, sec. HSS 309.39(3). In the challenged rule, sec. HSS 309.39(1)(a)1, the department defines a housing emergency as existing when "[t]he number of inmates exceeds the [statutory] bed capacity of any [Wisconsin prison]." The trial court held that Richards lacked standing to challenge the rule because it did not interfere with or impair his legal rights, a necessary element of a cause of action for declaratory relief under sec. 227.40(1), Stats.

A litigant's standing to sue is a question of law which we review without deference to the trial court's decision. *Wis. Senate v. Thompson,* 144 Wis. 2d 429, 436, 424 N.W.2d 385, 387 (1988). As we have noted, sec. 227.40(1), Stats., provides that one has standing to challenge a rule if it "interferes with or impairs, or threatens

to interfere with or impair, [his or her] legal rights and privileges . . .."

Richards argues that he has a "right not to be subjected to . . . overcrowded conditions" under sec. 46.054, Stats., and that the department's rule impairs that right. We have previously held that prison administrative rules are not enacted for the benefit of individual inmates and do not create in them any liberty or property interests. *State ex rel. Staples v. Young,* 142 Wis. 2d 348, 359-60, 418 N.W.2d 333, 338 (Ct. App. 1987). Section 46.054 does not give Richards a legal right to be free from prison overcrowding. Rather, the statute directs the department to determine when a prison may exceed the statutory population limits. Neither sec. 46.054 nor Wis. Adm. Code, sec. HSS 309.39 bestow upon prison inmates the right to enforce specific limits within the institution.

Richards poses the question: if he does not have standing to challenge Wis. Adm. Code, sec. HSS 309.39, "who does[?]" The answer is found in sec. 227.40(1), Stats., and in the eighth amendment to the United States Constitution. Under sec. 227.40(1), a person who can establish that he or she has a legal right that is threatened or impaired by the rule has standing to challenge it. As we have said, Richards has no such right.

All prison inmates, however, have a constitutional right to be protected from cruel and unusual punishment under the eighth amendment to the United States Constitution. Conditions of imprisonment are subject to constitutional scrutiny because the manner in which a prisoner is confined can itself be a form of punishment. *Rhodes v. Chapman,* 452 U.S. 337, 345 (1981). In *Rhodes,* however, the Supreme Court held that housing two inmates in a single cell does not violate the eighth

amendment provided that the conditions do not deprive the prisoners of essential food, medical care or sanitation; nor increase violence among inmates or create intolerable conditions for confinement. *Id.* at 348. Richards has neither established nor alleged that Wis. Adm. Code, sec. HSS 309.39 has caused any such condition. As a result, we believe the state is correct in asserting that Richards has no basis for relief under the eighth amendment.*

As to who, other than Richards, may have standing to challenge the rule, we are not called upon to answer that question in this case. The only issue here is whether Harlan Richards has standing, and he does not.

*By the Court.*—Order affirmed.

---

*Richards also contends that the agency exceeded its statutory authority in adopting Wis. Adm. Code, sec. HSS 309.39. Even if he had standing, however, the argument is unavailing. Section 46.054(3), Stats., specifically directs the department to promulgate a rule defining "emergency" which would allow a prison to exceed its population limits. By promulgating sec. HSS 309.39(1), the department was simply complying with its statutory duty.