552 So.2d 1008 (1989)
The LOUISIANA STATE MEDICAL SOCIETY
v.
The LOUISIANA STATE BOARD OF NURSING.
No. 88 CA 1440.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
*1009 Robert J. Conrad, Jr., New Orleans, for plaintiff-appellant The Louisiana State Medical Society.
Mack Barham, Robert Arceneaux, New Orleans, for defendant-appellee Louisiana State Bd. of Nursing.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
The Louisiana State Medical Society, a non-profit association composed of Louisiana physicians and surgeons, filed a suit for declaratory judgment and injunctive relief against the Louisiana State Board of Nursing, an agency within the Department of Health and Human Resources which adopts rules and regulations to effect the provisions of the Nursing Act, LSA-R.S. 37:911-37:931.[1] The Society seeks to invalidate Rule 3.041, which was adopted by the Nursing Board; Rule 3.041 created the position of Primary Nurse Associate, which the Society contends allows nurses to practice medicine.

PROCEDURAL HISTORY
The Nursing Board filed exceptions of prescription and lack of subject matter jurisdiction, which were overruled by the trial court. The Nursing Board then filed a writ in this court seeking review of the trial court's ruling; this court issued the writ, then recalled it and remanded the case to the trial court for further proceedings. Louisiana State Medical Society v. Louisiana State Board of Nursing, 484 So.2d 903 (La.App. 1st Cir.1986). The supreme court then granted a writ filed by the Nursing Board to review this court's judgment. Louisiana State Medical Society v. Louisiana State Board of Nursing, 486 So.2d 727 (La.1986).
In its opinion affirming the lower courts' actions, the supreme court stated that the Society's action was governed by LSA-R.S. 49:963, dealing with "Judicial review of validity or applicability of rules." Louisiana State Medical Society v. Louisiana State Board of Nursing, 493 So.2d 581, 583 (La. 1986). The court found that there was no prescriptive period controlling which was applicable to LSA-R.S. 49:963, and thus the Society's suit was not time-barred. 493 So.2d at 583-584. The court then stated the following:
The two-fold requirements of LSA-R.S. 49:963 are: (1) that plaintiff has requested agency review; and (2) that review in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury. The Nursing Board held a hearing in October of 1983 as to the validity of R.N. 3.041 and upheld the rule. Thus, the first requirement of exhaustion of administrative review has been satisfied.
The second requirement is a showing that a party, who would otherwise lack standing for lack of a contested adjudicated case, has no other adequate remedy and would suffer irreparable injury from the rule. This rule was published in the Louisiana Register8 on March 20, 1981, and has been in effect since that time. According to the Nursing Board's reasons for judgment,9 no complaints have been lodged against advanced practitioners of nursing. In the Vieux Carré case, plaintiffs established that their rights were affected. Since an injurious discrimination against them resulted from the ordinance in question, they had standing to question its constitutionality. The Medical Society alleges that a contested adjudicated case would not provide an adequate remedy and that Rule 3.041 inflicts irreparable injury on the Society. The allegation of irreparable injury is not particularized and appears *1010 doubtful on its face. Failure to support this allegation would result in the Society being out of court. Nevertheless, the allegation is there. Proof of this allegation is a necessary prerequisite to its suit. Since the record of the Nursing Board's hearing is not in evidence, the matter is remanded for trial: first as to standing; and then, if necessary, on the merits.
8 Vol. 7, No. 3
9 November 7, 1983 493 So.2d at 584.
On remand before the trial court the Nursing Board filed a peremptory exception of no right of action based on the Society's "lack of standing and/or capacity to assert the cause of action and on the plaintiff's [Society's] failure to sufficiently prove that it meets the showing of `irreparable injury' that Section 963 of the Louisiana Administrative Procedure Act ... mandates as a prerequisite to its right to maintain this action." Neither party introduced any evidence and the exception was tried on the pleadings and memoranda; the administrative record containing the proceedings before the Nursing Board was lodged in the trial court prior to its ruling on the exception.[2] Allegations concerning LSA-R.S. 49:963 and irreparable injury set forth in the petition are the following:
12. The practice of medicine by registered nurses, and by other persons not licensed to practice medicine in the State of Louisiana, is antithetical to the public policy of this State, La.Rev.Stat. 37:1261, and represents a direct, immediate and substantial danger to the health, safety and welfare of the citizens of this State.
13. In addition, the practice of medicine by registered nurses, or other persons not licensed to practice medicine, has interfered with and will interfere with the relationship between physicians and their patients.
....
15. The Society, accordingly, is aggrieved by the Rules of the Nursing Board, which authorize registered nurses to engage in the independent practice of medicine, have interfered and will interfere with the physician-patient relationship existing between Society members and their patients, and will unlawfully infringe upon and impede a physician's prerogative to employ a registered nurse, under the physician's direction and supervsion [sic], to perform functions which the physician deems such registered nurse qualified and capable to perform.
....
22. Pursuant to La.Rev.Stat. 49:963, the Society has requested the Nursing Board to pass upon the validity of the Rules and the Nursing Board has refused to declare the Rules invalid. Review of the validity of the Rules in conjunction with review of a final Nursing Board decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury on the Society and on the public it serves.
In written reasons for judgment, the trial judge found that the Society's action was covered by LSA-R.S. 49:963 and not by the articles governing declaratory judgments, LSA-C.C.P. arts. 1871-1883. The trial judge then decided that a requirement under LSA-R.S. 49:963 was a "contested adjudicated case"; because the record was devoid of any "contested adjudicated case" and because of the absence of proof of irreparable injury, he decided that the Medical Society lacked standing. The trial judge sustained the Nursing Board's exception and dismissed the Society's action.
The Medical Society appeals from this judgment, urging the following assignments of error:
1. The district court erred as a matter of law in concluding that the Society's claims, including those alleging the unconstitutionality of state statutes, are *1011 governed exclusively by La.Rev.Stat. § 49:963, and that La.C.Civ.P. arts. 1871 et seq. are inapplicable.
2. The district court's interpretation and application of La.Rev.Stat. § 49:963, and its resultant determination of the Society's right of action or standing to assert an action pursuant to such statute, is erroneous as a matter of law.
3. Alternatively, in sustaining the defendant Nursing Board's exception, the district court erred in failing to provide the Society an opportunity to amend its petition, as required by La.C.Civ.P. art. 934.

ASSIGNMENT OF ERROR NO. 2
The Medical Society in brief contends that both the trial court and the supreme court misinterpreted the factors necessary to satisfy LSA-R.S. 49:963. LSA-R.S. 49:963 reads as follows:
§ 963. Judicial review of validity or applicability of rules
The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rulemaking procedures. The agency shall be made a party to the action. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury. (Emphasis ours).
The trial court misread the concluding sentence of LSA-R.S. 49:963 to require that there be a contested adjudicated case involving the rule. We find that this is a misinterpretation of the statute and that LSA-R.S. 49:963 does not require a review of the rule in conjunction with a contested adjudicated case.
However, the trial court, in following the mandate of the supreme court that the Society must submit proof of irreparable injury before proceeding, did not err in finding that the Society failed to present any such proof. According to the Society's brief:
When ... such a procedure [the validity of the rule decided in a contested adjudicated case] is simply unavailable by the very nature of the claims and the parties, the deficiency of such remedy is by definition irreparable.
Thus conceived, moreover, this type off [sic] irreparable injury may be, and regularly is, noticed and determined by the courts from the pleadings and the very nature of the action, without the necessity of affirmative proof....
From the very nature of the claim asserted by the Society in this case, it is clear, as the Supreme Court itself acknowledged, that its challenge to the validity of the Nursing Board's rules would not be subject to being raised at all in a contested adjudicated case. (Footnote and citations omitted).
The supreme court earlier examined the Society's pleadings and found that proof of irreparable injury was needed; thus, we are constrained to find that the Society's contention that the pleadings sufficiently set forth irreparable injury is meritless. Out of an abundance of caution, we examined the record of the proceedings before the Nursing Board. The Society introduced no evidence in this administrative hearing; all of the evidence came from the Nursing Board. The administrative record contains no proof of irreparable injury. As noted by the supreme court and the trial court, Rule 3.041 has been in effect since March 20, 1981; as of October 31, 1983, there were 122 Primary Nurse Associates, and at the time of the hearing before the Nursing Board, no complaints had been filed or disciplinary proceedings conducted against any Primary Nurse Associate.
*1012 The Society contends that the supreme court erred in holding that LSA-R.S. 49:963 requires a showing of irreparable injury from the rule. It contends such a holding is not supported by the language of the statute. Rather, the Society contends, LSA-R.S. 49:963 relates the question of irreparable injury to the general requirement that the validity of rules be determined in contested agency adjudications; LSA-R.S. 49:963 states: "review of the validity... of the rule in conjunction with review of a final agency decision in a contested adjudicated case ... would inflict irreparable injury." (Emphasis ours). We agree; however, we are constrained by the doctrine of law of the case to follow the supreme court's earlier ruling.

ASSIGNMENT OF ERROR NO. 1
The Society contends that it set forth two causes of action in its petition, the first being a challenge to Rule 3.041 under LSA-R.S. 49:963 and the second being a challenge to the constitutionality of the delegation of legislative authority embodied in the Nursing Board's enabling act. The Society contends that this second cause of action was controlled by the code articles on declaratory judgment, LSA-C.C.P. arts. 1871-1883, and not by LSA-R.S. 49:963, such that the Nursing Board's exception had no merit as to the second cause of action.
However, the Society's challenge to the Nursing Act was not a separate cause of action. Rather, the Society's challenge to the Nursing Act was made in the alternative. The Society's petition states:
23. In the alternative, and only in the event that this Honorable Court should determine that the Rules do not exceed the authority granted to the Nursing Board by the Nursing Act, then the Society specifically avers the the [sic] Nursing Act, and in particular, La.Rev.Stat. 37:913, is unconstitutional in the following respects:
(a) La.Rev.Stat. 37:913, on its face, expressly or impliedly delegates legislative authority to an agency of the executive branch of government, in violation of La. Const.1974, Art. II.
(b) La.Rev.Stat. 37:913, as interpreted and applied by the Nursing Board, delegates legislative authority to an agency of the executive branch of government, in violation of La. Const. 1974, Art. II.
(c) La.Rev.Stat. 37:913 is unconstitutionally vague and ambiguous.
24. By virtue of the unconstitutionality of the Nursing Act, and in particular of La.Rev.Stat. 37:913, the Rules adopted by the Nursing Board thereunder are, and should be declared to be, unlawful and invalid.
Because the Society's challenge to the constitutionality of the Nursing Act was made in the alternative, it would only be reached if Rule 3.041 was upheld. Because the Society has not made the requisite showing entitling it to challenge Rule 3.041, the Society's challenge to the Nursing Act can not be reached. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 3
The Society contends that the trial court erred in failing to allow it to amend its petition, citing LSA-C.C.P. art. 934. We disagree. According to LSA-C.C.P. art. 934, if the grounds of the objection pleaded by the peremptory exception can not be removed by amendment of the petition, the action is to be dismissed. It is not the lack of factual allegations in the Society's petition which defeats the Society's action, but rather the lack of proof of these allegations. For these reasons, this assignment of error has no merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by the Society.
AFFIRMED.
NOTES
[1] The Louisiana State Nurses Association intervened on behalf of the Nursing Board.
[2] Several pleadings and memoranda are in the record which were not filed in the court below. These include the Nursing Board's pretrial order and memorandum in support of its peremptory exception of no right of action and the Society's brief in response. As these items should not have been included in the record, we will not consider them on appeal. See Franklin v. City of Baton Rouge, 525 So.2d 674 (La.App. 1st Cir.1988).