ROBERTSON, Presiding Judge.
This is an appeal from a declaratory judgment order granted in favor of Bob Cook and the Alabama State Employees Association (collectively referred to as ASEA) and against the State Personnel Board (Board).
This is the second time this case has come before us. The first time we held, without reviewing all of the issues, that “once the court found that [ASEA] had failed to exhaust the administrative remedies, i.e., filing under section 41-22-11, the claim was subject to dismissal as the circuit court did not have jurisdiction over the complaint ...,” and we reversed the trial court on the grounds that ASEA’s claims should have been dismissed for failing to exhaust its administrative remedies. State Personnel Board v. Cook, 544 So.2d 166, 167 (Ala.Civ.App.1988).
On certiorari, the supreme court held that exhausting administrative remedies was not a prerequisite to challenging the validity of a rule under § 41-22-10, Code (1975), and stated:
“In the instant case, petitioners are contesting the validity of an action (i.e., a rule change) by the [Board] that failed to comply with the [AAPA], Ala.Code 1975, § 41-22-10, reads:
“ ‘The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the *1028 statutory authority of the agency or was adopted without substantial compliance with rule making procedures provided for in this chapter. (Acts 1981, No. 81-855, p. 1534, § 10.).’ ”
Ex parte Cook, 544 So.2d 167, 168 (Ala.1989) (emphasis in original). Accordingly, the supreme court reversed this court.
After remand, the trial court, based on the supreme court’s opinion, reinstated its earlier order which held that the action taken by the Board was a rule change, and that the reallocation rule remained in full force and effect unless it was changed in accordance with the AAPA.
The Board appeals again from this ruling and raises the following issues:
1. Whether ASEA has standing to bring this action.
2. Whether the action taken by the Board was a rule change within the meaning of the AAPA.
3. Whether the trial court’s ruling violates the supremacy clause of the United States Constitution.
We find that our supreme court’s opinion in Ex parte Cook, supra, is dispositive of the first two issues. It is clear from a reading of that case that the supreme court held that the Board’s action was a rule change and that ASEA had standing under section 41-22-10 to bring this action.
However, this court and our supreme court never addressed the supremacy clause issue in the prior opinions. The Board contends that the trial court’s order which requires the Board’s rule change to be made in accordance with the AAPA, would be violative of the supremacy clause, which prohibits elevating state law over federal law, arguing that the rule change was being made to conform to federal case law. The federal case at issue is United States v. Frazer, 317 F.Supp. 1079 (M.D.Ala.1970). The facts in the Frazer case reveal that when entry-level jobs came open, state agencies would, at times, skip over black applicants on the register and give the job to a lower ranking white applicant. In its effort to eliminate discrimination in these agencies, the Frazer case stated the following rule:
“Defendants shall not appoint or offer a position to a lower-ranking white applicant on a certificate in preference to a higher-ranking available Negro applicant, unless the defendants have first contacted and interviewed the higher-ranking Negro applicant and have determined that the Negro applicant cannot perform the functions of the position, is otherwise unfit for it, or is unavailable. In every instance where a determination is made that the Negro applicant is unfit or unavailable, documentary evidence shall be maintained by the defendants that will sustain that finding.”
Frazer, 317 F.Supp. 1079, 1091.
Reallocation is a process set out under the rules of the Board that applies when jobs within the merit system are given a higher classification due to the addition of new duties and responsibilities of that particular job. The Board’s Rule 670-X-7-.06(5) provides that:
“A position that is reallocated to a higher class should normally be filled by certification and appointment from the open competitive or promotional eligible register for the new class. However, if the incumbent has been performing the duties that are the basis for reallocation for three months or more in a completely satisfactory manner at the time the position is reallocated to a higher class, he may be given status in the new class, if his name is among the upper one-half of those on the competitive eligible list or promotional list, as of the date of its establishment; or when he passes an examination for the class with a similar rating.”
The Board did not take a position on the applicability of Frazer to reallocations until after Morrison v. Booth, 763 F.2d 1366 (11th Cir.1985), was decided in 1985, which suggested that a state agency may attempt to use “flexibility and subjectivity ... to circumvent Frazer and promote a white over ... higher-ranking blacks,” Morrison at 1374, in its promotional decisions. The Board now contends that, according to the language of Frazer, a violation of the Frazer rule would occur if a white incum *1029 bent, who has met the requirements for reallocation, retains a position that is reallocated to a higher class over a higher ranking black from the register. The board argues that their decision in the instant case was only an effort to abide by the federal requirements imposed on the Board by Frazer in 1970.
In the Morrison case, the court found discrimination in one instance in a state agency when that agency “did not bear their burden of producing a rebuttal to Morrison’s prima facie case that she, a black employee seeking advancement in spite of seemingly prohibitive rules, was treated differently from white employees who also sought circumvention of established procedures.” Morrison at 1374. Morrison was not on the register and did not meet the requirements under the reallocation rule; however, the agency had promoted another white employee to a higher reallocated position who also did not meet the requirements of the rule.
The Morrison court had an opportunity to apply the Frazer rule to the reallocation process but declined. Instead, the court acknowledged reallocation and stated that “[i]f the position is reallocated, the person holding it may retain it if he is in the top 50% on the existing eligible list or ranks in the top 50% after the next examination.” Morrison at 1369. However, if a litigant shows that reallocation is being used in a racially discriminatory manner then there would be a violation of Frazer that should not be allowed. Morrison.
We note, however, that neither the Board nor ASEA allege that blacks are being discriminated against in the reallocation process. We further note that the language of the reallocation rule affects whites as well as blacks. We also find, after reviewing the record, that the reallocation process was created by the Board to prevent state agencies from having to train a new person, albeit with a possible higher rank on the register, for a job that the incumbent has in large part already been performing.
Therefore, in view of the aforesaid, we find that Frazer, generally, does not affect reallocation where a white incumbent may move into a reallocated position over a higher ranking black on the register. Consequently, we hold that the Board’s rule change was not a requirement that was imposed upon it by the federal case law in Frazer; therefore, the trial court’s order is not violative of the supremacy clause. This case is due to be affirmed.
AFFIRMED.
RUSSELL and THIGPEN, JJ., concur.