This case involves a dispute between the three children of J.W. and Laura I. Jayroe. Morris Jayroe sued his sister, Willie Pearl Hall, and his brother, Tolbert Jayroe,[1] seeking title to two parcels of land in Crenshaw County, Alabama, that were previously owned by their parents. In 1974 J.W. and Laura I. Jayroe executed deeds conveying portions of their property to each of their children. The evidence reveals that the none of the deeds described the 23 acres of land on which the Jayroes lived and worked. Morris Jayroe seeks reformation of his deed to include that 23 acres, which, he argues, was omitted by mistake from his deed. In addition, Morris and his sister, Willie Pearl Hall, both claim title to 4.79 acres of land that was described in both of their deeds.
The trial court, after hearing ore tenus evidence, held that Morris Jayroe had not presented sufficient evidence to overcome the presumption of law as to the correctness of the deed; therefore, the court held that Morris Jayroe was not entitled to a reformation of his deed to include the 23-acre parcel. The court held that all three children had inherited and now own the 23 acres as tenants in common. The court found that the 23 acres could not be equitably partitioned and that a sale was "necessary to effect a division among the several tenants in common." The court also ordered a survey of the land to determine the location of several improvements. The court also found that Willie Pearl Hall's deed described the 4.79 acres in such a way as to establish her claim that she owns the 4.79 acres of land.
The standard applicable to cases in which the trial court has heard ore tenus evidence in a nonjury case has been stated as follows:
 "[A] judgment based on [ore tenus] evidence is presumed to be correct and will not be disturbed on appeal unless a consideration of the evidence and all reasonable inferences therefrom reveals that the judgment is plainly and palpably wrong or manifestly unjust."
Arzonico v. Wells, 589 So.2d 152, 153 (Ala. 1991). This presumption of correctness applies to the court's findings of fact. See also Gaston v. Ames, 514 So.2d 877 (Ala. 1987); CougarMining Co. v. Mineral Land Mining Consultants, Inc.,392 So.2d 1177 (Ala. *Page 524 
1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment. Gaston, supra; Smith v. Style Advertising,Inc., 470 So.2d 1194 (Ala. 1985); League v. McDonald,355 So.2d 695 (Ala. 1978).
 I. The 23-acre Parcel
Morris Jayroe argues that the trial court should have reformed his deed to conform to what he says was the intention of the parties, as authorized by Ala. Code 1975, § 35-4-153. Regarding that intention, he alleges that his parents attempted to equally divide their property among their children when they executed deeds to each of them in 1974. Morris argues that if his deed was reformed to include the 23-acre parcel, the land would be divided approximately evenly among the children, as he argues his parents intended.
Morris testified that his father told him that he wanted Morris to have the 23 acres of land and told him that that land was included in the deed to Morris.[2] Morris also presented the testimony of his brother, Tolbert, who testified that their father had told him that Morris was to receive 20 of the 23 acres in dispute. In addition, Morris presented 1975 tax assessments paid by J.W. Jayroe on the 23 acres; those assessments were in the name of Morris Jayroe. Morris Jayroe argues that this evidence shows a mutual mistake that entitles him to a reformation.
Hall argues that the 23 acres should be divided among the children through intestacy laws.[3] Hall presented the testimony of her son, Willard Hall, who testified that, before the deeds to each of the Jayroes' children were delivered, he informed J.W. Jayroe that the 23-acre parcel was not included in any of the deeds but that he did not change any of the deeds to include those 23 acres. Willard Hall testified that he also told J.W. Jayroe that J.W. and Laura could not sell timber on the land, given the way the deeds were written, and that J.W. Jayroe later modified all the deeds to add a timber reservation.
A presumption exists that the instrument itself is the true agreement between the parties. Jim Walter Homes, Inc. v.Phifer, 432 So.2d 1241, 1243 (Ala. 1983); 66 Am.Jur.2dReformation of Instruments § 117 at 643 (1973). The party seeking reformation must show by clear, convincing, exact, and satisfactory evidence that the instrument does not express the true intentions of the parties. Clemons v. Mallett,445 So.2d 276, 279 (Ala. 1984); Great Atlantic Pacific Tea Co. v. EngelRealty Co., 241 Ala. 236, 239, 2 So.2d 425 (1941).
Reformation of an instrument is allowed upon proof of a mutual mistake or proof that "there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties"; upon such proof, "the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties." Daniels v. Johnson,539 So.2d 259, 260 (Ala. 1989). Morris Jayroe made no allegation and offered no proof of either fraud or inequitable conduct, so his deed can be reformed only upon proof of a mutual mistake.
After reviewing the evidence presented, we conclude that the trial court's finding that Morris Jayroe had not established a mutual mistake by clear, exact, satisfactory, and convincing evidence was supported by the record; it was not plainly and palpably wrong.
 II. The 4.79-acre Parcel
The deed to Morris Jayroe and the deed to Willie Pearl Hall both describe a 4.79-acre parcel, to which both claim title. Morris contends that he is entitled to this property based on evidence that his father told him that this land was included in his *Page 525 
deed and based on a 1975 tax assessment that indicated taxes on this property were assessed to Morris Jayroe. In contrast, Hall argues that the clear and definite description in her deed should prevail over the description in Morris's deed, which she says was vague. See Jordan v. Tinnin, 342 So.2d 748, 753
(Ala. 1977); Spires v. Nix, 256 Ala. 642, 645, 57 So.2d 89
(1952); 26 C.J.S.2d Deeds § 100j (1943).
The 4.79 acres in dispute lies east of County Road No. 39 and north of Mt. Olive-Dry Creek Bridge Road. The deed to Morris Jayroe describes an entire 40-acre quarter-quarter section, including the 4.79 acres. It is undisputed that the Jayroes did not own the entire 40 acres, and Morris does not seek title to the entire 40 acres. The deed by which J.W. and Laura I. Jayroe held the land describes this land as "SE 1/4 of the SE 1/4 less 12-1/2 acres on the east side of Springhill and [County Road No. 39]."
By comparison, Hall's deed described the property as "all of that part of the following real property owned by myself and lying north of the Mt. Olive-Dry Creek Bridge Public Road, to wit, the SE 1/4 of the SE 1/4 of Section Thirty-six, Township Eight, Range Seventeen." The deed by which J.W. and Laura I. Jayroe held the land describes the property as "all the property now owned by us" (i.e., the predecessors of J.W. and Laura I. Jayroe) in the Southeast Quarter of the Southeast Quarter of Section THIRTY-SIX "lying north of the Mt. Olive-Dry Creek Bridge Public Road and lying east of the Brantley-Mt. IdaPublic Road [now known as County Road No. 39]." (Emphasis supplied.) The deed by which J.W. and Laura I. Jayroe held the land later conveyed to Hall reiterates the location of the land intended to be conveyed: "It is our intention to convey all the property now owned by us which lies north of the above mentioned Mt. Olive-Dry Creek Public Road and east of the Brantley-Mt. Ida Public Road." It is undisputed that the Bodifords, who made this deed to J.W. and Laura I. Jayroe, owned the 4.79 acres in dispute.
Tolbert Jayroe testified that he understood his father to have intended that Hall receive the 4.79 acres. This testimony, taken with the definiteness with which the land was described in Hall's deed and in her parents' deed, supports the trial court's finding. After carefully reviewing the record, we cannot conclude that the trial court's judgment is plainly and palpably wrong or manifestly unjust.
 III. The Survey
Morris Jayroe claims that the trial court erred in ordering a survey of the 23 acres to the extent necessary to locate the improvements on the property. First, he claims that there was no need for a survey and that the trial court improperly ordered it sua sponte.
The trial court has authority pursuant to Ala. Code 1975, § 35-6-20, to sell this property for a division of the proceeds among the joint owners. "In carrying out its authority to order a sale of property, the court should do so 'with a view to fairness, prudence, and just regard for the rights of all concerned.' " Copeland v. Giles, 271 Ala. 302, 304,123 So.2d 147, 149 (1960).
The trial court found, and we agree, that there was a dispute among the parties as to the location of the residence of the parents, the store they had operated, and other buildings. The location of these improvements is likely to affect the value of the acreage when sold for division. Therefore, the trial court had the authority to order a survey to determine whether the improvements were located on the 23 acres, in order to conduct a fair sale.
Morris next challenges the correctness of the survey itself. He submitted his objections to the survey to the trial court, but presented no evidence that the survey was incorrect. Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Tolbert Jayroe is aligned as a defendant but took no legal position at trial or on appeal.
[2] The trial court held that Morris's testimony about what his father told him was admissible for the limited purpose of establishing the father's intent regarding the 4.79 acres. The court held that this testimony was admissible because it would not diminish the estate, but excluded Morris's testimony as to the 23 acres as violating of the Dead Man's Statute, §12-21-163, Ala. Code 1975. The parties make no argument in regard to this ruling.
[3] J.W. Jayroe died intestate on November 9, 1985; Laura I. Jayroe died intestate on December 30, 1990. *Page 526