The plaintiffs, the Medical Association of the State of Alabama and four individual physicians, filed a declaratory judgment action challenging the validity of an amendment to an administrative rule promulgated by the Alabama Board of Physical Therapy. The amendment prohibits a physical therapist from being employed by, or from otherwise participating in a professional financial arrangement with, a referring physician.[1]
The defendants are the Board of Physical Therapy and its individual members and the Alabama Physical Therapy Association. One of the defendants, the Board of Physical Therapy, a state agency that licenses physical therapists, moved to dismiss the action pursuant to Rule 12(b)(6), A.R.Civ.P., contending that the complaint failed to state a claim upon which relief could be granted. Following a hearing, the trial court dismissed the action on the ground that the Medical Association and the four individual physicians lacked standing to challenge the amended *Page 865 
rule. The Medical Association and the individual physicians appealed. This cause is before us pursuant to Ala. Code 1975, § 12-2-7(6).
On an appeal from a dismissal based on a lack of standing to challenge an agency rule, we must view the allegations of the complaint in the light most favorable to the plaintiff, resolve all doubts in the plaintiff's favor, and uphold the ruling of the trial court only if we determine that the plaintiff cannot establish a right to judicial review under any set of facts provable under the allegations of the complaint. Richards v.Department of Revenue Finance, 454 N.W.2d 573, 574 (Iowa 1990). No presumption of correctness exists as to the trial court's application of the law to the facts. Jayroe v. Hall,624 So.2d 522 (Ala. 1993). The issue of standing presents a pure question of law, and the trial court's ruling on that issue is entitled to no deference on appeal. Richards v.Cullen, 152 Wis.2d 710, 712, 449 N.W.2d 318, 319 (Wis.App. 1989).
The Medical Association and the four individual physicians filed their declaratory action under Ala. Code 1975, § 41-22-10. That section provides, in pertinent part:
 "The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff."
(Emphasis added.)
Testimony presented at the hearing on the motion to dismiss tended to establish that the Board's amended rule would alter the manner in which the plaintiff physicians are currently practicing medicine and would result in financial loss to those physicians who currently employ physical therapists. Dr. John Semon, a Mobile orthopedic surgeon, whose medical group employs in-house physical therapists, testified that 5200 square feet of office space, $170,000 worth of equipment, and $62,000 in supplies were devoted to the physical therapy unit of his medical practice. Dr. Semon stated that if his in-house physical therapists were forced to terminate their employment with him so as to comply with the Board's amended rule, he would suffer not only financial loss, but also "the ability to oversee the physical therapists" to whom he sends his patients. He gave his opinion that the lack of close communication with and supervision of those physical therapists would result in a "big loss in quality of patient care."
Dr. Moses Jones, a Tuscaloosa neurosurgeon, testified that his employment of an in-house physical therapist allowed greater continuity in patient care and "rapid feedback" to the physician, which he described as follows:
 "In-office therapy . . . cuts down on some of what I call game-playing on the part of the patient. I tell the patient to go to therapy. If the patient doesn't show up, I don't find out until a month later when I get a report from somebody at the hospital, as opposed to when it's right there in the office. If they don't show up, we know what's going on."
Dr. Jones testified that he had 2000 square feet of office space allotted to his physical therapy unit and $150,000 to $175,000 invested in his physical therapy equipment. He stated that if the Board implemented its amended rule, he would suffer a financial loss by having to make lease payments for facilities and equipment that he could no longer use.
The trial court's determination that the Medical Association and the four individual physicians did not have standing to challenge the rule was apparently based on a conclusion that physical therapists were the only parties directly affected by the rule and, therefore, the logical parties to challenge the rule. However, "[a] party may have standing without being the primary object of the agency action," Richards v. Department ofRevenue Finance, 454 N.W.2d at 575, and "[i]n some instances, the party's particular relationship to the subject of the [agency] action may give rise to a presumption of standing,"Har Enterprises v. Town of Brookhaven, 74 N.Y.2d 524, 528, *Page 866 549 N.Y.S.2d 638, 641, 548 N.E.2d 1289, 1292 (1989).
Section 41-22-10 provides that one has standing to challenge an administrative rule if he shows that the rule "interferes with or impairs, or threatens to interfere with or impair, [his] legal rights or privileges." Like the rest of the Alabama Administrative Procedure Act, § 41-22-10 is based in part on the Model State Administrative Procedure Act (Rev. 1961).Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d 199, 202
(Ala. 1990). The test for standing to challenge an agency rule under § 7 of the Model Act is identical to the test for standing under § 41-22-10: one must prove that the rule "interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the plaintiff."
Section 7 of the Model Act is usually construed in parimateria with general statutes governing declaratory judgment actions. See Costa v. Sunn, 5 Haw. App. 419, 424, 697 P.2d 43,47, cert. denied, 67 Haw. 685, 744 P.2d 781 (1985). Likewise, our supreme court has observed that the Alabama Administrative Procedure Act is to " 'be construed broadly to effectuate its purposes,' [just as] the Declaratory Judgments Act . . . 'is to be liberally construed and administered.' § 6-6-221, Code 1975." Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d at 205. "[C]ontrovers[y] touching the legality of acts of public officials or public agencies challenged by parties whose interest is adversely affected is one of the favored fields for declaratory judgment." Gibbs v. Cochran, 281 Ala. 22, 25,198 So.2d 607, 608 (Ala. 1967), quoted in Broadwater v. Blue GrayPatio Club, 403 So.2d 209, 212 (Ala. 1981).
We have found only one Alabama case dealing with the issue of standing to bring a declaratory judgment action under §41-22-10. See Ex parte Cook, 544 So.2d 167, 168 (Ala. 1989), overruled on other grounds, Alabama Cellular Service, Inc. v.Sizemore, 565 So.2d 199 (Ala. 1990). In Cook, the Alabama Supreme Court assumed that the Alabama State Employees Association had standing to challenge a personnel board rule that affected state employees, and it did not set out a test for determining what a plaintiff must show in order to establish that a proposed rule "interferes with or impairs, or threatens to interfere with or impair, [his] legal rights or privileges."
Decisions from other jurisdictions, however, indicate that the phrase "interferes with or impairs, or threatens to interfere with or impair, [the plaintiff's] legal rights or privileges" is liberally construed to confer standing on a broad class of plaintiffs who seek to challenge administrative regulations. See, e.g., Wisconsin Hospital Ass'n v. NaturalResources Board, 156 Wis.2d 688, 457 N.W.2d 879 (Wis.App. 1990). We have found only one case in which a plaintiff wasdenied standing, under a statute comparable to § 41-22-10, to challenge an administrative regulation. See Richards v. Cullen,152 Wis.2d 710, 449 N.W.2d 318 (Wis.App. 1989). In that case, the Wisconsin appellate court held that a prison inmate had no standing to challenge a health department rule defining a "housing emergency" in the state prison system. The court held that the regulation, which allowed "double-celling" of prisoners under certain circumstances, did not impair the inmate's legal rights or privileges, because the United States Supreme Court had previously ruled that "double-celling" does not violate the Eighth Amendment prohibition against cruel and unusual punishment.
The defendants cite decisions from Florida and Louisiana that denied standing to plaintiffs challenging agency actions. Those decisions, however, are not based on statutes comparable to § 41-22-10. Instead, the Florida and Louisiana statutes at issue were much more restrictive than the declaratory judgment provision contained within the Alabama Administrative Procedure Act. The Louisiana statute required not only that the plaintiff exhaust his administrative remedies as a precondition to filing a declaratory judgment action, but also that he establish that he would suffer "irreparable injury" if the agency action were not invalidated. Louisiana State Medical Society v. LouisianaState Board of Nursing, 552 So.2d 1008, 1011 (La.App. 1989). The Florida statute required the plaintiff to show a "substantial interest that is directly affected by proposed agency action." See Florida Society of Ophthalmology *Page 867 v. State Board of Optometry, 532 So.2d 1279, 1284 (Fla. Dist. Ct. App. 1988), cert. denied, 542 So.2d 1333 (Fla. 1989). The Florida courts had previously construed that statutory phrase to require "an injury in fact which is of sufficient immediacy to entitle [the plaintiff] to a hearing." Id. at 1285 (quotingAgrico Chemical Co. v. Department of Environmental Regulation,406 So.2d 478, 482 (Fla.Dist.Ct.App. 1981), cert. denied,415 So.2d 1359 (Fla. 1982)).
In Florida Society of Ophthalmology v. State Board ofOptometry, 532 So.2d at 1285, the Florida Supreme Court noted that the Florida courts had previously held that potential economic loss does not satisfy the "immediacy" requirement the court said was inherent in the statute. In contrast, a plaintiff challenging agency action in Alabama has standing if he establishes that an administrative regulation "impinge[s] upon [his] economic interests." Broadwater v. Blue Gray PatioClub, 403 So.2d at 212.
Most of the Alabama decisions have interpreted the standing requirements of Ala. Code 1975, § 41-22-20, rather than the standing requirements of § 41-22-10. Section 41-22-20 provides that any "person aggrieved" by agency action may seek judicial review of that action after exhausting administrative remedies. There is no exhaustion requirement for actions brought under §41-22-10. Ex parte Cook, 544 So.2d at 168.
This court has consistently held that a plaintiff can be a "person aggrieved" within the meaning of § 41-22-20, and therefore have standing to challenge an agency ruling, even if the plaintiff is not the subject of the ruling and the ruling does not directly regulate the plaintiff. See, e.g., StateHealth Planning Dev. Agency v. AMI Brookwood Medical Center,564 So.2d 54 (Ala.Civ.App. 1989) (plaintiff hospitals had standing to challenge SHPDA grant of certificate of need [CON] to another hospital, even though plaintiffs were not applicants for a CON, because they alleged that construction of a new hospital would reduce their patient occupancy rate), reversed on other grounds, 564 So.2d 63 (Ala. 1990); SpringhillHospitals, Inc. v. Alabama State Health Planning Agency,549 So.2d 1348 (Ala.Civ.App. 1989) (plaintiff hospital had standing to challenge grant of a CON to another hospital for purchase of gallstone-shattering machine because plaintiff alleged that competitor's machine would cause it to lose gallstone patients). Accord, California Ass'n of PsychologyProviders v. Rank, 51 Cal.3d 1, 9, 793 P.2d 2, 6,270 Cal.Rptr. 796, 800 (1990) (plaintiff medical association and individual physicians, though not directly regulated by agency rule allowing clinical psychologists to diagnose hospital admittees, had standing, based on their allegation that nonphysician diagnosis would "diminish the sphere of responsibility of physicians, particularly psychiatrists vis-a-vis clinical psychologists, and thus [could] be expected to affect the authority and income of the physician").
In Singleton v. Wulff, 428 U.S. 106, 96 S.Ct. 2868,49 L.Ed.2d 826 (1976), the United States Supreme Court held that individual physicians had standing to challenge a Missouri statute that denied Medicaid payment for abortions not "medically indicated." The Court held that the physicians had alleged injury in fact by claiming that the statute prevented them from providing their patients with medical care that they would have provided but for the statutory prohibition.
The right to engage in the practice of medicine in Alabama is a property right and can be denied only by a method that provides due process of law. Barnes v. State ex rel. Ferguson,274 Ala. 705, 710, 151 So.2d 619, 623 (1963). The testimony of the individual physicians established that implementation of the Board's amended rule would impair their right to practice medicine and would prevent them from providing their patients with the kind of medical care they would provide but for the Board's amended rule. The testimony also established that the Board's action "impinged upon [the physicians'] economic interests." Broadwater v. Blue Gray Patio Club, 403 So.2d at 212. Based upon their testimony, upon the liberal construction of § 41-22-10 of our Administrative Procedure Act is to be given, and upon the broad interpretation of standing already applied to actions brought under § 41-22-20, we conclude that the individual *Page 868 
physicians have standing to challenge the Board's amended rule.
We also conclude that the Medical Association has standing to challenge the rule. See State Personnel Board v. Cook,600 So.2d 1027, 1028 (Ala.Civ.App. 1992) (Alabama State Employees' Association had standing to bring an action under §41-22-10 challenging a rule that affected individual state employees). See also Alabama State Florists Association v. LeeCounty Hospital Board, 479 So.2d 720 (Ala. 1985).
Because the issue is not before us, we express no opinion on the merits of the plaintiffs' challenge to the Board's amended rule. "At issue is [the plaintiffs'] right of access to the [circuit] court, not the merits of the allegations."Richards v. Department of Revenue Finance, 454 N.W.2d at 574.
The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.
[1] The administrative rule in question is Rule 700-X-3-.02. That rule, as amended, provides that a physical therapist engages in unbecoming conduct or conduct detrimental to the best interest of the public if the physical therapist
 "[r]equests, receives, participates, or engages directly or indirectly in the division, transferring, assigning, rebating or refunding of fees received for professional services or . . . profits by means of a credit or other valuable consideration such as wages, an unearned commission, discount or gratuity with any person who referred a patient, or with any relative or business associate of the referring person. Physical therapists employed by licensed medical and osteopathic physicians and dentists will be allowed six months, from the effective date of this rule, to comply."