LYONS, Justice.
Packaging Acquisition Corporation (“PAC”) appeals from the trial court’s dismissal of its counterclaim against Dennis Hicks, Gus King, Roy Burchel, PacMas-ters, Inc., AMCOPAC, Inc., and Colormas-ters LLC (“the sellers”). We reverse and remand.
In May 2000, PAC, a Georgia corporation engaged in the business of flexible packaging, purchased the sellers’ business, AMPAC, Inc., also engaged in flexible packaging, and the assets of the business. The sellers and two acquisition companies, Printmasters Acquisition Corporation and AMPAC Acquisition Corporation, executed the purchase agreement. PAC was the sole shareholder in both acquisition companies. PAC was not a signatory to the purchase agreement; however, the indemnity clause in Article 14 of the agreement provided that the sellers would hold harmless the purchasers and its officers, directors, shareholders, employees, and agents from all losses. After the purchase was completed, PAC combined some of the assets of the sellers’ business with its own to form another business, PacOne, Inc. The acquisition companies eventually defaulted on their obligations to the sellers, and shortly after the default, the acquisition companies and PacOne filed a petition in bankruptcy.
The sellers sued PAC, alleging that PAC had committed several torts, including misrepresentation of material facts; interference with an existing business; breach of contract; and breach of fiduciary duties. PAC filed a counterclaim against the sellers alleging breach of a warranty as to the purchase agreement and a misrepresentation of material facts by the sellers to the acquisition companies. The sellers filed a motion to dismiss PAC’s counterclaim in which they argued that PAC did not have standing to assert the, -counterclaim because PAC no longer held shareholder status of the acquisition companies, which were bankrupt. PAC argued that it was not asserting its counterclaim by virtue of its status as a shareholder, but for its own personal losses as a third-party beneficiary under the purchase agreement between the sellers and the acquisition companies. The trial court dismissed PAC’s counterclaim, with prejudice, on the basis that PAC lacked standing to assert' it. The trial court reasoned that PAC’s status as a shareholder in the acquisition companies was extinguished through the bankruptcy proceedings.
I. Issues Before This Court
The trial court entered an order pursuant to Rule 54(b), Ala.R.Civ.P., certifying as final its order dismissing PAC’s counterclaim for lack of standing. PAC appeals. In addition to the issue of the propriety of the dismissal of the counterclaim, PAC also challenges the trial court’s ruling on the issue of the enforceability of the forum-selection clause contained in the purchase agreement. The - complaint as initially filed by the sellers remains pending in the trial court. In the trial court, PAC contended that the sellers’ complaint should have been filed in the United States District Court for the Northern District of Alabama because a forum-selection clause in the purchase agreement stated that all claims arising out of that agreement must be brought in that court. The sellers argued that they had to bring the case in state court because there was not complete diversity so as to satisfy federal jurisdictional requirements. .PAC argued that the sellers were using “artful pleading” to destroy diversity. PAC then argued that although it was not a signatory to the purchase agreement, it had a right to en *301 force the forum-selection clause against the sellers.
The trial court held that a forum-selection clause, like an arbitration clause, can be enforced by a nonparty if the nonparty played an integral part in the transaction evidenced by the contract containing the forum-selection clause. The court stated that PAC’s affidavits to the court did not indicate that it had played an integral role in the sale of the sellers’ business to the acquisition companies. Therefore, the trial court held that PAC could not enforce the forum-selection clause; it noted, however, that discovery may later reveal that a dismissal, a summary judgment, or severance, if necessary, for want of jurisdiction is proper. The trial court did not certify its ruling on the forum-selection-clause issue as final pursuant to Rule 54(b).
PAC relies upon the last sentence of Rule 4(a)(1), Ala.R.App.P., to argue that this Court should consider the trial court’s ruling on the forum-selection clause. That sentence reads: “On an appeal from a judgment or order a party shall be entitled to a review of any judgment, order, .or ruling of the trial court.” However, the trial court’s order certifying its judgment of dismissal of the counterclaim as final pursuant to Rule, 54(b) limits the issue before this Court to the dismissal of the counterclaim and any other order or ruling germane to that dismissal. Review of other interlocutory orders must await final judgment.
II. Standard of Review
In Smith v. National Security Insurance Co., 860 So.2d 343, 345 (Ala.2003), this Court restated the well-settled standard of review of an order of dismissal of a complaint:
“In Nance v. Matthews, 622 So.2d 297 (Ala.1993), this Court stated the standard of review applicable to a motion to dismiss:
“ ‘On appeal, a dismissal is not enti-tied to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’
“Nance, 622 So.2d at 299 (citations omitted).”
Dealing specifically with the standard of review of a dismissal of a complaint for lack of standing, the Court of Civil Appeals in Medical Association of Alabama v. Shoemake, 656 So.2d 863, 865 (Ala.Civ. App.1995), held:
“On1 an appeal from a dismissal based on a lack of standing ..., we must view the allegations of the complaint in the light' most favorable to the plaintiff, resolve all doubts in the plaintiffs favor, and uphold the ruling of the trial court only if we determine that the plaintiff cannot establish a right to judicial review under any set of facts provable under, the allegations of the complaint. ■ Richards v. Department of Revenue & Finance, 454 N.W.2d 573, 574 (Iowa 1990). No presumption of correctness exists as to the trial court’s application of the law to the facts. Jayroe■ v. Hall, 624 So.2d 522 (Ala.1993). The issue of standing presents a pure question of law, and the trial court’s ruling on that issue is entitled to no deference on ap *302 peal. Richards v. Cullen, 152 Wis.2d 710, 712, 449 N.W.2d 318, 319 (Wis.App. 1989).”
We review the dismissal of PAC’s counterclaim for want of standing by viewing the allegations of the counterclaim in the light most favorable to PAC, resolving all doubts in PAC’s favor, and upholding the ruling of the trial court only if we determine that PAC cannot establish a right to relief under any set of facts provable under the allegations of the counterclaim.
III. Discussion
Neither party disputes that as a result of the bankruptcy proceedings PAC ceased to be a shareholder in the acquisition companies, which were wholly owned subsidiaries of PAC. The parties disagree as to whether PAC has standing to sue the sellers now that' PAC is no longer a shareholder in these companies. PAC argues that Article 14 of the purchase agreement expressly included “shareholders” as. in-demnitees under the agreement; therefore, PAC argues, even though it is no longer a shareholder of the acquisition companies, it may sue the sellers as a third-party beneficiary to the purchase agreement. The sellers argue that the duty of indemnification extends only to current shareholders of the acquisition companies — not to former shareholders.
Article 14.1 of the purchase agreement provides, in part:
“Seller and the shareholders, jointly and severally, agree[] to indemnify, defend and hold harmless purchaser and its officers, directors, shareholders, employees and agents (collectively the ‘purchaser indemnitees’) from, against, for and in respect of any and all losses asserted against, relating to, imposed upon or arising out of:
“(a) the ■ breach of any representation or warranty of Seller[] or the [sjhareholders contained in or made pursuant to this Agreement or any other acquisition document or any certificate, Schedule, or Exhibit furnished by Seller with the shareholders in connection herewith or therewith.”
(Emphasis added.)
This Court has long held that a plaintiff seeking to bring a shareholder-derivative action or to sue by virtue of shareholder status must be a shareholder at the time the complaint is filed. See Empire Realty Co. v. Harton, 176 Ala. 99, 104, 57 So. 763, 764 (1911). However, this rule has no bearing on the matters asserted in PAC’s counterclaim because PAC is not suing for wrongs done to the bankrupt acquisition companies. PAC is seeking damages based upon alleged breaches of warranty in the purchase agreement.
The reference in the purchase agreement to “shareholders” is one of several descriptive terms merely identifying persons or entities. PAC’s rights as a shareholder to claim damages for any breach of warranty accrued when the contract was made. See AC, Inc. v. Baker, 622 So.2d 331, 336 (Ala.1993) (“When a contract of warranty relates to an existing fact or event, a party’s right to commence an action for breach arises when the contract is made.”). The reference in the purchase agreement to “shareholders” cannot reasonably be construed as applicable only to persons or entities who occupy that status when an action is filed. Under the sellers’ illogical rationale, the purchasers’ officers, employees, and agents would forfeit all rights of indemnity from the sellers immediately upon the purchasers’ being declared bankrupt because after the declaration of bankruptcy those individuals were no longer so affiliated with the purchasers. PAC’s loss of its status as a shareholder has no bearing upon its right to file a counterclaim seeking damages based upon the purchase agreement.
*303 In a special writing in Ex parte CTB, Inc., 782 So.2d 188, 192 (Ala.2000), Justice See quoted from Ex parte South Carolina Insurance Co., 683 So.2d 987, 989 (Ala. 1996), as follows: “ ‘It is settled law that if in its terms a contract is plain and free from ambiguity, then there is no room for construction and it is the duty of the court to enforce it as written.’ ” (See, J., concurring specially.) The reference in the purchase agreement to shareholders, which contains no temporal reference other than the time of the making of the contract, must be enforced according to its plain meaning. If the parties contemplated that one’s status as a shareholder at the time the purchase agreement was executed was immaterial and that one’s status as a shareholder at the time a complaint was filed was material, they could have — and should have — provided that the obligation to hold harmless extended to “the purchaser and its officers, directors, shareholders, employees, and agents holding such status at the time of the commencement of any action.”
IV. Conclusion
Although PAC lost its status as a shareholder of the acquisition companies when those companies were declared bankrupt, it did not lose its standing to sue the sellers as a third-party beneficiary under the purchase agreement. Therefore, the trial court’s order dismissing PAC’s counterclaim is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.
HARWOOD, J., concurs in the result.