577 So.2d 230 (1991)
LOUISIANA CHEMICAL ASSOCIATION and Rubicon, Inc.
v.
DEPARTMENT OF ENVIRONMENTAL QUALITY.
No. 90 CW 1022.
Court of Appeal of Louisiana, First Circuit.
March 5, 1991.
*231 Charles McCowan and Maureen N. Harbourt, Baton Rouge, for Louisiana Chemical Ass'n.
Joel Waltzer, Tulane Environmental Law Clinic, New Orleans, for Ascension Parish Residents Against Toxic Pollution, intervenors.
Charles Lanier, New Orleans, for Rubicon, Inc.
William F. Ridlon, II, Baton Rouge, for Dept. of Environmental Quality.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
A "Petition for Declaratory Judgment on Validity and Applicability of `Act 803' Regulations" was filed with the Department of Environmental Quality (DEQ) by the Louisiana Chemical Association and Rubicon, Inc. requesting that DEQ conduct an administrative hearing regarding the validity and applicability of portions of the Louisiana Hazardous Waste Regulations promulgated by DEQ under the authority of La. R.S. 30:2193 (the Act 803 Regulations). Plaintiffs also filed a "Petition for Judicial Review of Validity or Applicability of and for Declaratory Judgment on `Act 803' Regulations" in the 19th Judicial District Court. Numerous parties have subsequently *232 intervened in this action. DEQ filed an exception raising the objection of lack of subject matter jurisdiction. It also filed a motion in limine seeking to limit judicial review to the administrative record. After a hearing on the matter the trial court overruled the exception and ruled the declaratory judgment should be tried de novo.
DEQ applied to this Court for supervisory writs alleging as error the trial court's determination that the district court had subject matter jurisdiction of the declaratory judgment and that judicial review under La.R.S. 49:963 is by trial de novo. We granted certiorari.

SUBJECT MATTER JURISDICTION
DEQ contends that pursuant to La. R.S. 30:2024(C) the district court has no subject matter jurisdiction to entertain an action for a declaratory judgment regarding the validity or applicability of rules promulgated by DEQ. That statute provides that "[a]ny person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeals, First Circuit...."
Pursuant to the adoption of the Louisiana Environmental Quality Act (La.R.S. 30:2001-:2391), the Legislature created the Department of Environmental Quality granting to it the power to regulate the environment within the state. The Environmental Quality Act provides that the procedure for the adoption, amendment or repeal of any rule or regulation by DEQ must be in accordance with the Administrative Procedure Act (La.R.S. 49:950-:970). La.R.S. 30:2019.
Sections 962-964 of the Administrative Procedure Act provide for judicial review of agency actions. La.R.S. 49:962 requires an agency to provide a method for the disposition of petitions for declaratory orders and rulings regarding the applicability of a statute, agency rule or order and gives declaratory orders and rulings the same status as decisions or orders in adjudicated cases. La.R.S. 49:964 provides judicial review for persons aggrieved by final decisions or orders in adjudicatory proceedings (or declaratory orders or rulings). Judicial review under La.R.S. 49:964 is instituted by the filing of a petition in the district court of the parish in which the agency is located. La.R.S. 49:963 provides for judicial review of the validity or applicability of agency rules by declaratory judgment in district court.
The Louisiana Environmental Quality Act is distinguished from the Administrative Procedure Act in the area of judicial review in that review of final decisions or orders of the secretary of DEQ is to be made in the First Circuit Court of Appeals rather than in the district court. La.R.S. 30:2024(C). La.R.S. 30:2024(C) specifically states that La.R.S. 49:962 and 964 do not apply to the decisions or orders of the secretary. La.R.S. 49:963 is entitled "Judicial review of validity or applicability of rules."
DEQ contends that the term "rule" is a "final decision or order" under La.R.S. 30:2024(C) and is thus exempt from the judicial review provisions of La. 49:963 of the Administrative Procedure Act. The terms "decision" or "order" are not defined in the Louisiana Environmental Quality Act. They are defined, however, in the Administrative Procedure Act as "the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing...." La.R.S. 49:951(3). The term "rule" is not defined in the Environmental Quality Act. It is, however, defined in the Administrative Procedure Act. La.R.S. 49:951(6) and specifically excludes declaratory rulings or orders from its meaning. After reading the Environmental Quality Act and Administrative Procedure Act in pari materia, we conclude that the decisions or orders referred to in La.R.S. 30:2024(C) do not include the judicial review of agency rules.
La.R.S. 49:966(B) provides that "[n]o subsequent legislation shall be held to supersede or modify the provisions of this Chapter except to the extent that such legislation *233 shall do so expressly." Although the Environmental Quality Act expressly supercedes the Administrative Procedure Act regarding judicial review of decisions and orders of the secretary of DEQ (La.R.S. 49:962 and 964), it is silent respecting the rendition of a declaratory judgment by a district court to determine the validity or applicability of a rule. Since La.R.S. 49:963 was not expressly superceded by La.R.S. 30:2024(C) or any other provision of the Environmental Quality Act, La.R.S. 49:963 applies to declaratory judgments declaring the validity or applicability of rules promulgated by DEQ and the district court is the proper forum to entertain this action.

JUDICIAL REVIEW UNDER LA.R.S. 49:963
A declaratory judgment under La.R.S. 49:963 may be obtained only on three enumerated grounds: 1) the rule is unconstitutional; 2) the rule exceeds the statutory authority of the agency; 3) the rule was adopted without substantial compliance with rulemaking procedures. Louisiana State Medical Society v. Louisiana State Board of Nursing, 484 So.2d 903 (La.App. 1st Cir.), aff'd., 493 So.2d 581 (La.1986). If plaintiff's challenge to the validity and applicability of certain DEQ rules are based on one of these specific grounds then an action for declaratory judgment is the appropriate procedural vehicle by which to challenge those agency rules.
As a prerequisite to obtaining a declaratory judgment under La.R.S. 49:963, the plaintiff must have previously requested agency review and must show that "review in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury." Louisiana State Medical Society v. Louisiana State Board of Nursing, 493 So.2d 581, 584 (La.1986).
Plaintiff did request agency review regarding the validity and applicability of its rules and DEQ apparently agreed to provide a summary response to plaintiff's request. That request and the response by DEQ, if any, were not made a part of the record, thus, we are unable to determine whether the first requirement of § 963 has been satisfied.
Additionally, plaintiff has alleged that no other adequate remedy is available and that plaintiff would suffer irreparable injury from the rules being challenged. Proof of this allegation is the second prerequisite to this suit. Louisiana State Medical Society v. Louisiana State Board of Nursing, 493 So.2d at 584. Accordingly, it will be necessary that we remand in order for the trial court to determine whether the first requirement of La.R.S. 49:963 has been satisfied (the exhaustion of administrative remedies). If the trial court concludes this first requirement has been met, then the standing issue is to be tried. Under this issue the district court must make a determination that "a party, who would otherwise lack standing for lack of a contested adjudicated case, has no other adequate remedy and would suffer irreparable injury from the rule." Id. at 584.

TRIAL DE NOVO
Once plaintiffs have satisfied the requirements of exhaustion of administrative remedies and standing the question then becomes whether the district court proceeds with a trial de novo or is limited to a review of the record. At least with two of the issues that can be raised under La.R.S. 49:963, whether the rule exceeds statutory authority or whether the rule was adopted without substantial compliance with rule-making procedures, the district court is limited to a review of the record. The scope of judicial review under the Administrative Procedure Act is confined to review of the record of the agency; it does not involve trial de novo. Pardue v. Stephens, 558 So.2d 1149 (La.App. 1st Cir.1989). The purpose of so limiting the scope of review is to prevent the reviewing court from usurping the power delegated to the agency by the legislature. Buras v. Board of Trustees of the Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979); Pardue, 558 So.2d at 1160. Trial de novo by a district court of an agency decision or action is only available where a special statute specifically provides for such. Pardue, 558 So.2d at 1160. The Louisiana Environmental Protection Act does not specifically *234 provide for trial de novo by the district court in determining the validity or applicability of DEQ rules.
The matter is somewhat more complicated in dealing with the constitutionality of a rule. We have previously held that the Civil Service Commission does not have jurisdiction to render a declaratory judgment regarding the constitutionality of its own rules. Casse v. Sumrall, 547 So.2d 1381 (La.App. 1st Cir.) writ denied, 551 So.2d 1322 (La.1989). We see no reason why DEQ should be treated any differently. Thus, agency review of this issue should not be a prerequisite to filing a declaratory judgment action in district court since the agency cannot decide the issue. Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984).
The question remains as to the method or standard of review by the district court in a suit for declaratory judgment. In most instances the record of the promulgation of the rule should be sufficient for the district court to make a determination of constitutionality since the constitutionality of the rule on its face will normally be the issue. If the constitutionality of the rule as applied is the issue this will, in most instances, arise from an adjudication and the record of that adjudicatory hearing will furnish the reviewing court with a sufficient record to make a determination of constitutionality. In those limited instances where the district court needs additional evidence there is no reason why the matter could not be remanded to the agency to specifically supplement the record by receiving the needed evidence without making any findings with reference to that evidence.
Consequently, we hold that the district court is limited to a review of the record in determining issues presented under La.R.S. 49:963.
Limiting the district court to a review of the record is not contrary to La. Const. Art. V, § 16 vesting the district courts with original jurisdiction. District courts may exercise original jurisdiction by reviewing an administrative record. cf. Moore v. Roemer, 567 So.2d 75 (La.1990); Buras v. Board of Trustees of the Police Pension Fund of the City of New Orleans, 367 So.2d 849; Pardue, 558 So.2d at 1160.
For the reasons stated we affirm the judgment of the district court overruling the exception to the subject matter jurisdiction of that court. We reverse the ruling that the district court must exercise jurisdiction by a trial de novo. We remand for further proceedings in accordance with this opinion. Costs of this application are to be paid proportionately by relators and respondents.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SAVOIE, J., concurs.