PETTIGREW, J.
In this suit for declaratory and injunctive relief against the State of Louisiana, Department of Public Safety and Corrections, Office of State Police ("Office of State Police"), the plaintiff challenges the validity of the Schedule of Fines and license suspension and revocation provisions contained in LAC 55:I.1907. For the reasons set forth herein, we reverse in part and render judgment, and vacate in part and remand to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Mid-City Automotive, LLC ("Mid-City"), operates a towing company in New Orleans, which conducts nonconsensual tows of vehicles from private property under storage inspection license # 15-36-MI087885.[1] In 2015, Mid-City received three citations from the Office of State Police for violations of LAC 55:I.1930, which regulates towing of vehicles from private property, and administrative penalties were assessed under the Louisiana Administrative Code for each violation. For the first two citations issued to Mid-City on March 19 and September 1, 2015, administrative fines of $250.00 and $300.00, respectively, were assessed under *169 LAC 55:I.1907(A)(4).[2] Following the third citation on September 22, 2015, Mid-City's storage inspection license was suspended for thirty days under LAC 55:I.1907(A)(5).[3] Mid-City unsuccessfully appealed the suspension of its license in a separate proceeding.[4]
Thereafter, on April 11, 2016, Mid-City filed this suit for declaratory and injunctive relief under La. R.S. 49:963, alleging that certain provisions of LAC 55:I.1907(A) were invalid and requesting an injunction against further enforcement of fines, suspensions, and revocations under § 1907. After a bench trial, the district court ruled in favor of the Office of State Police and dismissed Mid-City's petition with prejudice. Mid-City appealed.
DISCUSSION
The Louisiana Towing and Storage Act ("the Act"), La. R.S. 32:1711 et seq., was enacted to regulate and license those who conduct towing and storage businesses in Louisiana. La. R.S. 32:1711. The legislature vested the Office of State Police with regulatory authority to administer the Act and to promulgate rules and regulations to carry out the provisions of the Act. La. R.S. 32:1714 ; Capitol City Towing & Recovery Inc. v. State ex rel. Dep't of Pub. Safety & Corr., 03-0647, pp. 2-3 (La.App. 1 Cir. 2/23/04), 873 So.2d 706, 708, writ denied sub nom; Capital City Towing & Recovery Inc. v. State ex rel. Dep't of Pub. Safety & Corr., 04-0770 (La. 6/4/04), 876 So.2d 94. Subject to the provisions of the Administrative Procedure Act,[5] La. R.S. 32:1714 states that the Office of State Police shall:
(1) Adopt rules and regulations to govern the towing and storage industry in Louisiana.
(2) Adopt rules and regulations to ensure that no person shall operate a towing business when they arrive at the scene of a vehicle accident without being called by the police or by the owner of the vehicle or his representative.
(3) Adopt and levy fines for violation of this Chapter or any rule or regulation adopted pursuant to this Chapter.
(4) Make recommendations to the office of motor vehicles in reference to the examination, issuance, suspension, or revocation of licenses for tow trucks and operators.
(5) Adopt a schedule of maximum fees which may be charged for the notifications required by this Chapter.
(6) Repealed by Acts 2012, No. 806, § 2.
(7) Insure compliance of every tow truck, towing facility, storage facility, and every employee subject to or licensed in accordance with this Chapter with the laws of this state, regulations of the Federal Motor Carrier Administration, and regulations promulgated pursuant to this Chapter.
Pursuant to this delegation of authority, the Office of State Police promulgated LAC 55:I.1901 et seq., which contains rules and regulations applicable to any person or entity engaged in the business of towing, recovery, or storage of vehicles for compensation in Louisiana. LAC 55:I.1901. Louisiana Administrative Code 55:I.1907 provides for the assessment of administrative *170 penalties for violations of the Act or the adopted and promulgated regulations, and states, in part:
A. Administrative Penalty Assessment
1. A tow truck owner or operator, an employee or the agent of a tow truck owner or operator, a storage facility owner or operator, an employee or the agent of a storage facility owner or operator, determined by the [Office of State Police[6] ] to have committed a violation of R.S. 32:1711 et seq., or adopted and promulgated regulations as provided in this Chapter, is subject to legal sanctions being imposed against them. Legal sanctions shall include, but are not limited to, administrative civil penalties, warnings, and suspension and/or revocation of the operator's license, storage inspection license, tow truck license plate.
2. The [Office of State Police] shall issue a citation or inspection report for violations of law, rule or regulation which shall specify the offense committed. The citation or inspection report shall provide for the payment of an administrative penalty to the [Office of State Police] in an amount prescribed by the [Office of State Police] or if a suspension or revocation is being imposed, specify the duration of said suspension or revocation. The penalty shall be paid or imposed within 45 days of issuance and mailing, by first class mail, of the initial notice of violation, unless within that period the person to whom the citation is issued files a written request for an administrative hearing within the 45 days.
3. All assessed and adjudicated administrative penalties and fees shall be paid to the [Office of State Police] and deposited in the towing and storage fund.
4. Schedule of Fines
Schedule of Fines
The following range of fines will be set for violations cited under the corresponding sections. When citing specific violations, the [Office of State Police] will set the fine within the corresponding range.
*171 Exemptions and Other Laws (§1903, 1905, and §1909) $50-$500 Code of Conduct (§1911) $100-$500 Tow Truck License Plate (§1913) $50-$500 Insurance Requirements (§1915) $50-$500 Driver's License Required Skills (§1917) $50-$500 Tow Truck Lighting; Equipment (§1919) $25-$100 Required Equipment (§1921) $25-$100 Capacities of Tow Equipment (§1923) $100-$500 Tow Truck Load Limitations (§1925) $100-$500 Inspections by the [Office of State Police] (§1927) $100-$500 Towing Service to Use Due Care (§1929) $100-$500 Vehicles Towed from Private Prop. (§1930) $200-$500 Storage Facility; Licensing Requirements (§1931) $100-$500 Requirements for ORSV (§1933) $100-$500 Owner Notification of Stored Vehicle (§1935) $100-$500 Administrative Fees (§1937) $100-$500 Permits to Sell and Dismantle (§1939) $100-$500 Towing/Storage Facilities Requirement (§1941) $50-$500 Storage Rates (§1943) $100-$500 Gate Fees (§1945) $100-$500 Law Enforcement Rotation Lists (§1947) $50-$500
5. Effective January 1, 2014 suspensions may be imposed on a third or subsequent violation when a towing or storage facility has been found in violation on at least two prior and separate inspections within a 12-month period. Suspensions shall be a minimum of 30 days. Violations of these rules or the Towing and Storage Act during the suspension or a *172 violation of the terms of the suspension shall result in an automatic revocation of the storage license.
6. Effective January 1, 2014 revocations may be imposed when a storage facility has met the requirements for a second suspension within a 3-year period. The immediate revocation of a storage license may be imposed when a towing or storage facility is determined by the inspecting officer to not have the proper insurance as required by this Chapter or is in violation of "dutiful conduct" as found in § 1911.B.2.e of this Chapter. Revocations for no or improper insurance shall be recalled and the license reinstated once the facility provides proof of required insurance.
The three citations that led to the suspension of Mid-City's storage inspection license were all for improper nonconsensual tows in violation of LAC 55:I.1930, which states that tow truck company owners, operators, and employees shall comply with the provisions of La. R.S. 32:1736 when towing vehicles from private property.[7] The Act provides that a tow truck operator who tows a vehicle in violation of La. R.S. 32:1736 shall be subject to administrative[8] and criminal[9] penalties. Suspension or revocation of a storage inspection license is not provided for in the Act. Nevertheless, under the regulations promulgated by the Office of State Police, Mid-City's storage inspection license was suspended for its third violation.
Mid-City argues that the Schedule of Fines in LAC 55:I.1907(A)(4) is invalid because the legislature's delegation of authority to the Office of State Police in La. R.S. 32:1714(3) to adopt and levy fines for violations of the Act or any rules or regulations adopted pursuant thereto was an unconstitutional delegation of legislative authority to an administrative agency. Mid-City also argues that the license suspension and revocation provisions of LAC 55:I.1907(A)(5) and (6) are invalid because they exceed the scope of the authority granted to the Office of State Police by La. R.S. 32:1714 and because they are unconstitutionally vague and ambiguous.
The Administrative Procedure Act provides that the validity or applicability of an agency rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. La. R.S. 49:963(A)(1). In such an action, the district court shall declare the rule invalid or inapplicable if it *173 finds that the rule: (1) violates constitutional provisions, (2) exceeds the statutory authority of the agency, or (3) was adopted without substantial compliance with required rulemaking procedures. La. R.S. 49:963(C). If a plaintiff's challenge to the validity of a particular rule is based on one of these specific grounds, then an action for declaratory judgment under La. R.S. 49:963 is the appropriate and only procedural vehicle by which to challenge the rule. Liberty Mutual Insurance Company v. Louisiana Insurance Rat ing Commission, 96-0793, p. 9 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027 ; Louisiana Chemical Association v. Department of Environmental Quality , 577 So.2d 230, 233 (La.App. 1 Cir. 1991). However, prior to seeking declaratory judgment in district court under La. R.S. 49:963, the plaintiff must satisfy the following prerequisites set forth in Subsection D of that statute: (1) the plaintiff has requested agency review of the validity or applicability of the rule; (2) review in a contested adjudicated case would not provide an adequate remedy; and (3) application of the rule would inflict irreparable injury. Thus, if a regulated party can attack a rule in connection with an enforcement, license revocation, restriction, denial, or other contested adjudicative action, and receive a remedy of reversal based on the invalid rule, he has no standing under La. R.S. 49:963(D). In other words, if relief is available to a plaintiff under La. R.S. 49:964,[10] he cannot use the declaratory judgment provisions under La. R.S. 49:963(D). Liberty Mutual , 96-0793 at pp. 9-10 & FN 6, 696 So.2d at 1027-28.
Although La. R.S. 49:963(D) requires a plaintiff to request agency review of the validity or applicability of a rule prior to seeking declaratory judgment, where the allegations of invalidity or inapplicability of the rule are based on constitutional grounds, agency review is not a prerequisite to filing a declaratory judgment action in district court, since an administrative agency lacks jurisdiction to rule on the constitutionality of its own rules. Louisiana Chemical Association , 577 So.2d at 234. Thus, Mid-City was not required to seek administrative review of its allegations regarding the invalidity of the Schedule of Fines in 1907(A)(4) prior to filing this suit, since the basis for the assertion of invalidity is that the rule is unconstitutional due to an improper delegation of legislative authority. Likewise, Mid-City was not required to seek prior administrative review of its allegation that the license suspension and revocation provisions in 1907(A)(5) and (6) are invalid because they are unconstitutionally vague and ambiguous. However, Mid-City's assertion that LAC 55:I.1907(A)(5) and (6) are invalid because they exceed the statutory authority of the agency is not excepted from the administrative review provisions of La. R.S. 49:963(D), and Mid-City was required to provide proof that it satisfied the requirements of La. R.S. 49:963(D) before petitioning the district court for declaratory relief.
Mid-City alleges that it filed an administrative appeal of the fines and suspension of its storage inspection license and raised, briefed, and argued its challenges to the rule and its enabling statute before the administrative law judge, but no ruling was made in that proceeding concerning the constitutional challenge because the administrative law judge lacked jurisdiction to decide the constitutional issues. The Office of State Police denies that the provisions of the rule relating to administrative *174 fines were even at issue in the proceeding before the administrative law judge, as that proceeding was strictly an administrative appeal of the suspension following the third violation, and no fines had been assessed for Mid-City's third violation. Despite Mid-City's assertion that it sought the review required under La. R.S. 49:963(D) prior to seeking declaratory judgment in district court, that administrative record was not made a part of the record herein, and we are unable to verify whether the requirements of La. R.S. 49:963(D) were satisfied. Accordingly, we must remand in order for the district court to determine whether Mid-City satisfied the requirements of La. R.S. 49:963(D). See Louisiana Chemical Association , 577 So.2d at 233. Thus, the portion of the judgment in this matter upholding the validity of the license suspension and revocation provisions, LAC 55:I.1907(A)(5) and (6), is vacated, and this matter is remanded to the district court for a determination of whether Mid-City satisfied the requirements of La. R.S. 49:963(D). Because the constitutional grounds for invalidity under La. R.S. 49:963 did not have to be submitted to agency review as a prerequisite to a petition for declaratory judgment, it was properly considered by the district court and we will consider those issues on appeal.
Although the district court in a declaratory judgment proceeding under La. R.S. 49:963 is limited to review of the administrative record when the issue is whether the rule is invalid or inapplicable because it exceeds statutory authority or was adopted without substantial compliance with rule making procedures, when the issue is the constitutionality of the rule, the scope of review is somewhat more complicated, since agency review is not a prerequisite to seeking declaratory judgment in district court. Louisiana Chemical Association, 577 So.2d at 233-34. This court has previously addressed the scope of review where the ground for invalidity raised under La. R.S. 49:963 is the unconstitutionality of the rule:
The question remains as to the method or standard of review by the district court in a suit for declaratory judgment. In most instances the record of the promulgation of the rule should be sufficient for the district court to make a determination of constitutionality since the constitutionality of the rule on its face will normally be the issue. If the constitutionality of the rule as applied is the issue this will, in most instances, arise from an adjudication and the record of that adjudicatory hearing will furnish the reviewing court with a sufficient record to make a determination of constitutionality. In those limited instances where the district court needs additional evidence there is no reason why the matter could not be remanded to the agency to specifically supplement the record by receiving the needed evidence without making any findings with reference to that evidence.
Consequently, we hold that the district court is limited to a review of the record in determining issues presented under La. R.S. 49:963.
Limiting the district court to a review of the record is not contrary to La. Const. Art. V, § 16 vesting the district courts with original jurisdiction. District courts may exercise original jurisdiction by reviewing an administrative record.
Louisiana Chemical Association , 577 So.2d at 234. (Citations omitted). Although review is limited to the administrative record, La. R.S. 49:963(B) provides that the district court may allow additional evidence to be presented under certain circumstances:
*175 (1) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.
(2) The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
In the instant matter, the district court conducted a bench trial at which testimony and evidence were presented. Although counsel for Mid-City stated at the start of the trial that it would like to "offer and introduce the entire record that we have," the record of the administrative proceedings, which is presumably what counsel was referring to, is not included in the record on appeal. On remand, if the district court determines that Mid-City satisfied the prerequisites of La. R.S. 49:963 in order to have the court consider its allegations that LAC 55:I.1907(A)(5) and (6) exceed the statutory authority of the agency, the district court is instructed to limit its review to the agency record, unless it determines that the taking of additional evidence is appropriate under La. R.S. 49:963(B). Nevertheless, because the administrative law judge did not have authority to consider the constitutionality of the rule, and because Mid-City's assertion is that the Schedule of Fines is unconstitutional on its face, the administrative record is unnecessary to our review of that issue.
Determining whether a statute is constitutional is a legal question and thus reviewed de novo. Krielow v. Louisiana Dep't of Agric. & Forestry , 13-1106, p. 4 (La. 10/15/13), 125 So.3d 384, 387. In determining the constitutionality of a statute, we begin with the premise that statutes are generally presumed to be constitutional, and therefore, the party challenging the statute bears the burden of proving its unconstitutionality. Importantly, the provisions of the Louisiana Constitution are not grants of power, but instead are limitations on the otherwise plenary power of the people exercised through the legislature. Krielow , 13-1106 at pp. 4-5, 125 So.3d at 388. The legislature may enact any legislation that the state constitution does not prohibit; thus, a party seeking the declaration of unconstitutionality of a statute must point to or rely on a particular constitutional provision which would prohibit the legislature from enacting such a statute. Bd. of Comm'rs of N. Lafourche Conservation, Levee & Drainage Dist. v. Bd. of Comm'rs of Atchafalaya Basin Levee Dist. , 95-1353, p. 4 (La. 1/16/96), 666 So.2d 636, 639.
The Louisiana Constitution divides the powers of government into three separate branches: legislative, executive and judicial, and further provides that no branch may exercise power belonging to another. La. Const. Art. II, §§ 1, 2. The legislative power of the State rests exclusively in the Legislature. La. Const. Art. III, § 1. Thus, it is axiomatic that the Legislature is vested with the sole law-making power of the State. Krielow, 13-1106 at p. 5, 125 So.3d at 388.
Because of the constitutional separation of powers, delegation of legislative power, either to the people or to any other body of authority, is generally prohibited. Krielow, 13-1106 at p. 5, 125 So.3d at 388 ; State v. Miller, 03-0206, p. 4 (La. 10/21/03), 857 So.2d 423, 427. However, as an exception to this rule, the Louisiana *176 Supreme Court has recognized that the legislative branch has the authority to delegate to administrative boards and agencies of the State the power to ascertain and determine the facts upon which the laws are to be applied and enforced. Such a delegation of administrative functions is necessary because of the vast amount of governmental functions that are vested in the legislative branch, which cannot possibly enact and re-enact detailed laws to cover every situation during rapidly changing times. Krielow, 13-1106 at pp. 5-6, 125 So.3d at 388-89. By establishing primary standards and then delegating to an agency the task of adjusting these standards to current conditions, the legislative body has necessary flexibility in the face of changing circumstances. Moreover, the legislature may wish to utilize the particular skills and experience of the various administrative agencies. State v. Alfonso , 99-1546, pp. 6-7 (La. 11/23/99), 753 So.2d 156, 160-61, as amended on reh'g in part (Dec. 7, 1999).
To determine whether a particular delegation of authority by the legislature is unconstitutional, we rely on the rule established by our supreme court in Schwegmann Bros. Giant Super Markets v. McCrory , 237 La. 768, 787-88, 112 So.2d 606, 613 (La. 1959) :
It is now well settled that the Legislature may make the operation or application of a statute contingent upon the existence of certain conditions, and may delegate to some executive or administrative board the power to determine the existence of such facts and to carry out the terms of the statute. So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in its nature. (Footnotes omitted).
Guided by these principles set forth in Schwegmann and inherent in the constitutional separation of powers, the supreme court fashioned a three-prong test for determining, on a case-by-case basis, whether a statute unconstitutionally delegates legislative authority, as opposed to administrative or ministerial authority, to an administrative agency. Under this test, a delegation of authority to an administrative agency is constitutionally valid if the enabling statute (1) contains a clear expression of legislative policy; (2) prescribes sufficient standards to guide the agency in the execution of that policy; and (3) is accompanied by adequate procedural safeguards to protect against abuse of discretion by the agency. Alfonso , 99-1546 at pp. 7-8, 753 So.2d at 161.
Application of the Schwegmann three-prong test ensures the elected members of the Legislature retain all legislative power by insisting that they, and not their delegates in the executive branch, make the difficult policy choices for which they are accountable to the public through the democratic process. State v. All Pro Paint and Body Shop, Inc. , 93-1316, p. 7 (La. 7/5/94), 639 So.2d 707, 712. Furthermore, by insisting that the enabling legislation prescribe not only the legislative policy to be enforced by the agency, but also sufficient standards to guide the agency's execution of the legislative will, the Schwegmann test ensures that the statute delegates only administrative or ministerial authority and guards against delegations of unbridled legislative discretion. Additionally, because even delegations of administrative or ministerial authority require agencies to exercise some discretion in executing the legislative will, the requirement of adequate procedural *177 safeguards ensures the agency exercises that discretion in accordance with the policy and standards prescribed in the enabling statute and consistent with democratic values served by public participation and judicial review. All Pro Paint , 93-1316 at p. 8, 639 So.2d at 712-13.
In the present case, Mid-City alleges that the legislature's delegation of authority to the Office of State Police to adopt and levy fines is an unconstitutional delegation of legislative, rather than merely administrative or ministerial, authority. Applying the Schwegmann test, we must first determine whether the Act contains a clear expression of legislative policy. Once the legislature has defined its policy, the State, acting under its police power to protect the health, welfare, and safety of the people, may confer upon administrative officers or bodies the power to adopt the rules and regulations to effectuate the legislative will. Thus, the requirement of a clear expression of legislative policy ensures the regulatory scheme constitutes a valid exercise of the State's police power to protect the health, welfare, and safety of the people, thereby permitting an administrative agency to make rules and regulations necessary for the administration and enforcement of that policy. All Pro Paint , 93-1316 at p. 12, 639 So.2d at 715.
The Act declares its policy as follows in La. R.S. 32:1711 :
The legislature finds and declares that the towing and storage of motor vehicles in the state of Louisiana vitally affects the general economy of the state, the public interest, and the public welfare, and that in order to promote the public interest and the public welfare, and in the exercise of its police power, it is necessary to regulate and to license those who conduct towing and storage businesses in Louisiana, in order to prevent frauds, impositions, and other abuses upon its citizens, and to provide maximum safety for all persons who travel or otherwise use the public highways of this state.
We find this expression of legislative policy to be clear and adequate to support a delegation of authority to the Office of State Police to promulgate rules and regulations necessary for the administration and enforcement of that policy.
Our next inquiry under the Schwegmann test is whether the Act prescribes sufficient standards to guide the Office of State Police in the execution of the Act's declared policy. The standards which must accompany delegations of authority must not be unlimited, unreasonable, or permit arbitrary action by the administrative body. When delegated authority is unfettered, its exercise becomes legislative, not administrative, in nature, and contravenes the mandates of Article II, § 2 of the Louisiana Constitution that no branch of government shall exercise power belonging to another branch. All Pro Paint , 93-1316 at pp. 6, 13-14, 639 So.2d at 711, 716-17. However, to be sufficient, the standards need not be express if they may be reasonably inferred from the statutory scheme. Opiate Replacement Therapy Centers of America, Inc. v. State ex rel. Department of Health and Hospitals , 03-0643, p. 5 (La.App. 1 Cir. 2/23/04), 868 So.2d 216, 220.
The Act contains no standards to guide the Office of State Police in setting the amount of administrative fines. The Office of State Police argues that it relied on La. R.S. 32:1725, which set the maximum criminal fine for a violation of the Act at $500.00, as guidance from the legislature as to the maximum administrative fine which should be imposed. However, the Act provided for the imposition of both criminal and administrative fines for violations, *178 and La. R.S. 32:1724, which provides for the assessment of an administrative fine for a violation, does not impose any limits on the amount of the administrative fine that may be assessed. Thus, we do not agree that sufficient standards to guide the Office of State Police may be reasonably inferred from § 1725. Because the legislature provided no guidance or limits on the amount of fines which could be set, the delegation of legislative authority fails to satisfy the second prong of the Schwegmann test. This unfettered discretion makes the exercise of the delegated authority by the Office of State Police legislative, rather than administrative, in nature; therefore, the Schedule of Fines contained in LAC 55:I.1907(A)(4) is not constitutionally valid.[11]
Because we find that the Schedule of Fines in LAC 55:I.1907(A)(4) is invalid because it violates constitutional provisions, Mid-City is entitled to an injunction against further enforcement of the fines. See Star Enterprise v. State Through Department of Revenue and Taxation, 95-1980, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 834.
Mid-City also alleges that the license suspension and revocation provisions in LAC 55:I.1907(A)(5) and (6) are invalid because they are unconstitutionally vague and ambiguous. However, since we have vacated the portion of the district court judgment upholding the validity of LAC 55:I.1907(A)(5) and (6) and remanded this matter to the district court so that it can make a determination of whether Mid-City satisfied the prerequisites of La. R.S. 49:963(D) with regard to its assertion that LAC 55:I.1907(A)(5) and (6) exceed the statutory authority of the agency, we will not consider the constitutionality of those provisions of the rule at this time. Constitutional issues should not be used to resolve disputes when they are resolvable by resolution of other issues. Liberty Mutual, 96-0793 at p. 1, 696 So.2d 1021, 1031 (on rehearing). Bueto v. Video Gaming Division, Office of State Police, Department of Public Safety, 94-0334 (La.App. 1 Cir. 3/4/94), 637 So.2d 544, 547.
CONCLUSION
For the reasons set forth herein, the district court judgment is reversed insofar as it upheld the validity of the Schedule of Fines set forth in LAC 55:I.1907(A)(4). Declaratory judgment is hereby rendered in favor of plaintiff, Mid-City Automotive, LLC, declaring that this provision is invalid due to an unconstitutional delegation of legislative authority to the Office of State Police, and an injunction is granted against further enforcement of fines under LAC 55:I.1907(A)(4). The district court judgment is vacated insofar as it held that the storage license suspension and revocation provisions of LAC 55:I.1907(A)(5) and (6) do not exceed the scope of the statutory authority of the agency, and this matter is remanded to the district court for further proceedings as set forth herein. Costs of this appeal in the amount of $841.00 are assessed to the State of Louisiana, Department of Public Safety and Corrections, Office of State Police.
REVERSED IN PART AND RENDERED; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.
Chutz, J. concurs for reasons assigned by J. Welch.
Welch J. concurs and assigns reasons.
WELCH, J., concurs.
I agree with majority opinion insofar as it determines that the Schedule of Fines in *179 LAC 55:I.1907(A)(4) is invalid because it violates constitutional provisions, and accordingly, reverses that portion of the judgment of the district court and renders judgment granting Mid-City an injunction against further enforcement of the fines. With respect to the validity of the license suspension and revocation provisions set forth in LAC 55:I.1907(A)(5) and (6), in my opinion, since the Office of State Police is authorized to issue licenses for nonconsensual tows of vehicles from private property, then they are authorized to suspend or revoke those licenses for violations of established rules and regulations. Thus, the revocation or suspension of any license is within the legislative mandate and constitutional. However, since the record in the administrative appeal is not in the record before us, we are unable to determine whether the suspension by the Office of State Police was appropriate, i.e. , whether it was for the failure to pay the administrative fine or whether it was for Mid-City's third violation. Therefore, I agree that this matter must be remanded for the district court for such determination.
Thus, I respectfully concur.

Possession of a valid storage inspection license is required for a towing company that conducts nonconsensual tows. See LAC 55:I.1930(B) and La. R.S. 32:1717.1.

Section 1907(A)(4) provides that the Office of State Police shall set a fine for a violation of § 1930 within the range of $200-$500.

Section 1907(A)(5) provides for suspensions of at least thirty days on a third or subsequent violation within a twelve-month period.

The administrative proceeding by which Mid-City's suspension was upheld is not part of the record on appeal in this matter.

La. R.S. 49:950 et seq.

See LAC 55:I.1901(A).

Under La. R.S. 32:1736(C), tow truck company owners and drivers must ensure, prior to conducting a nonconsensual tow, that the property, parking areas, and spaces are clearly marked as required by the statute to warn motorists that unauthorized vehicles may be towed. Mid-City was cited for towing vehicles from parking areas which were not properly marked.

Under the Act, administrative penalties for violations include forfeiture of all claims for towing services and storage of such vehicles, as well as assessment of an administrative fine by the deputy secretary of the Department of Public Safety and Corrections. La. R.S. 32:1724.

A violation of the Act is punishable by a fine of not more than $500.00 or imprisonment for not more than six months, or both. La. R.S. 32:1725. Additionally, a tow truck operator who tows a vehicle in violation La. R.S. 32:1736 shall also be in violation of La. R.S. 14:68.4, the criminal prohibition against unauthorized use of a motor vehicle, and subject to any applicable penalty provided by law, including but not limited to revocation of the towing license. La. R.S. 32:1736(E). See also La. R.S. 32:1717 (A tow truck owner who has been convicted of a felony relating to vehicle theft does not qualify for a towing license.).

Louisiana Revised Statutes 49:964 provides for judicial review of an adjudication proceeding.

Since we have determined that the Schedule of Fines set forth in § 1907(A)(4) is not constitutionally valid, we need not address the third prong of the Schwegmann test.