# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### 2019 CA 0191

## JUNE MEDICAL SERVICES, LLC D/B/A HOPE MEDICAL GROUP FOR WOMEN

### VERSUS

## LOUISIANA DEPARTMENT OF HEALTH & REBEKAH GEE, M.D., IN HER OFFICIAL CAPACITY AS SECRETARY OF THE LOUISIANA DEPARTMENT OF HEALTH

Judgment Rendered:  **MAR 0 4 2020**

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C657201

Honorable Janice Clark, Judge Presiding

* * * * * *

Ellie T. Schilling
Mandie Landry
Megan E. Snider
New Orleans, Louisiana

Counsel for Plaintiff/Appellee
June Medical Services, LLC d/b/a
Hope Medical Group for Women


Neal R. Elliott, Jr.
Kimberly L. Humbles
Brandon J. Babineaux
Christina Legros Robertson
Lavon Raymond Johnson
Baton Rouge, Louisiana

Counsel for Defendants/Appellants
Louisiana Department of Health and
Rebekah Gee, M.D., in her Official
Capacity as Secretary of the
Louisiana Department of Health

* * * * * *

BEFORE:  McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**McCLENDON, J.**

In this suit for declaratory relief, the defendants challenge a district court judgment that granted the plaintiff's motion for summary judgment, denied the defendant's cross-motion for summary judgment, and declared Louisiana's Abortion Facilities Licensing Standards invalid and unenforceable. For the reasons that follow, we reverse the summary judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL HISTORY

Louisiana's Outpatient Abortion Facility Licensing Law (OAFLL), LSA-R.S. 40:2175.1, *et seq.*, was enacted in 2001 with the purpose of authorizing the Louisiana Department of Health (the Department) to promulgate and publish rules and regulations to provide for the health, safety, and welfare of women in outpatient abortion facilities and for the safe operation of the facilities. LSA-R.S. 40:2175.2. In LSA-R.S. 40:2175.5, the legislature vested the Department with the authority to promulgate and publish rules, regulations, and licensing standards to fulfill this purpose, and pursuant to this delegation of authority, the Department promulgated rules, regulations, and licensing standards in 2003.

On December 20, 2014, the Department published a Notice of Intent to repeal and replace the existing regulations. The Notice of Intent provided that since 2010, the OAFLL had undergone several legislative revisions requiring the Department to update the regulations, and, therefore, it proposed to repeal and replace the regulations in order to incorporate the changes imposed by legislation and to further revise and clarify the regulations. After the notice was published, the Department received thousands of comments to the new regulations (the Regulations) and issued a "global agency response" on its rulemaking website. The Regulations were published in the Louisiana Register and became effective on April 20, 2015.

June Medical Services, LLC d/b/a Hope Medical Group for Women (June Medical) is a reproductive health clinic in Shreveport, Louisiana, and has been licensed as an outpatient abortion facility since 2003. On January 19, 2017, June Medical submitted to the Department a Petition for Agency Review and Repeal of the Regulations, requesting

that the Department "review the regulations and engage in rulemaking to repeal them."[1] June Medical also requested that it be notified if the Department "does not intend to repeal the regulations, and any exhaustion requirement that [June Medical] may have has been satisfied." June Medical received no response to the petition for agency review from the Department before April 19, 2017, when it filed a Petition for Declaratory Judgment in the Nineteenth Judicial District Court pursuant to LSA-R.S. 49:963.[2] In its petition, June Medical alleged that the Department did not substantially comply with the Louisiana Administrative Procedure Act, LSA-R.S. 49:950, *et seq.* (LAPA), and that the Department exceeded its statutory authority when the Department promulgated the Regulations.[3] The Department answered the petition on July 11, 2017, maintaining that it followed the procedures of the LAPA and did not exceed its statutory authority in enacting the Regulations. The Department further stated that it responded to June Medical's Petition for Agency Review and Repeal on May 26, 2017.

On September 11, 2018, June Medical filed a Motion for Summary Judgment. In its motion, June Medical requested summary judgment declaring that the Regulations were invalid and unenforceable because the Department failed to substantially comply with the LAPA when it promulgated the Regulations. The Department opposed the motion and filed its own cross-motion for summary judgment. Both motions were

---

[1] Louisiana Revised Statutes 49:953 provides the procedure for the adoption of rules. Particularly, LSA-R.S. 49:953C provided, at the relevant time herein:

> An interested person may petition an agency requesting the adoption, amendment, or repeal of a rule. Each agency shall prescribe by rule the form for petitions and the procedure for their submission, considerations, and disposition. Within ninety days after submission of a petition, the agency shall either deny the petition in writing, stating reasons for the denial, or shall initiate rule making proceedings in accordance with this Chapter.

[2] The LAPA provides that the validity or applicability of an agency rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located. LSA-R.S. 49:963A(1). In such an action, the district court shall declare the rule invalid or inapplicable if it finds that the rule: (1) violates constitutional provisions, (2) exceeds the statutory authority of the agency, or (3) was adopted without substantial compliance with required rulemaking procedures. LSA-R.S. 49:963C. If a plaintiff's challenge to the validity of a particular rule is based on one of these specific grounds, then an action for declaratory judgment under LSA-R.S. 49:963 is the appropriate and only procedural vehicle by which to challenge the rule. **Mid-City Automotive, L.L.C. v. Department of Public Safety and Corrections**, 18-0056 (La.App. 1 Cir. 11/7/18), 267 So.3d 165, 172-73; **Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Com'n**, 96-0793 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1027, writs denied, 97-2069, 97-2062 (La. 12/19/97), 706 So.2d 451, 452; **Louisiana Chemical Ass'n v. Department of Environmental Quality**, 577 So.2d 230, 233 (La.App. 1 Cir. 1991).

[3] There is no dispute that the Department is a state agency subject to the rulemaking requirements of the LAPA.

heard on December 6, 2018, at which time the district court granted June Medical's motion for summary judgment and denied the Department's cross-motion for summary judgment, stating that the Department failed to substantially comply with the LAPA when the Department promulgated the Regulations. The district court signed a judgment on January 3, 2019, in conformity with its ruling, declaring the Regulations invalid and unenforceable.[4]

The Department appealed the grant of the motion for summary judgment, asserting that the district court erred 1) in finding that the Department did not substantially comply with the rulemaking procedure in the LAPA and declaring the Regulations invalid and unenforceable, and 2) in not limiting itself to the review of the administrative record and conducting a review compliant with the LAPA.[5]

## DISCUSSION

Appellate courts review summary judgments *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. **Red Star Consultants, LLC v. Ferrara Fire Apparatus, Inc.**, 17-0847 (La.App. 1 Cir. 2/8/18), 242 So.3d 608, 611. That is, a motion for summary judgment shall be granted if, after an opportunity for discovery, the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3).

If the mover will bear the burden of proof at trial on the issue before the court in the motion for summary judgment, the burden of showing there is no genuine issue of

---

[4] On December 27, 2018, the district court signed an order regarding June Medical's *ex parte* Motion and Incorporated Memorandum for Litigation Expenses that ordered the Department to pay to June Medical $7,500.00 for reasonable litigation expenses. The Department filed a separate appeal regarding the litigation expenses, which we also decide this date. See **June Medical Services, LLC d/b/a Hope Medical Group for Women v. Louisiana Department of Health, et al**, 2019 CA 0192.

[5] The Department also filed Peremptory Exceptions of No Cause of Action and Peremption in this court. Therein, the Department asserted that June Medical failed to state a cause of action in its petition for declaratory judgment and that June Medical's right of action was extinguished based on the expiration of the applicable peremptive period. An appellate court may consider a peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for decision, and if proof of the ground of the exception appears of record. LSA-C.C.P. art. 2163. Consideration of such an exception is discretionary with the appellate court. **Southern States Masonry, Inc. v. J.A. Jones Const. Co.**, 507 So.2d 198, 207 (La. 1987). Because we are reversing June Medical's summary judgment, as discussed hereinafter, and remanding the matter to the district court, we decline to address the peremptory exceptions.

material fact remains with the mover. After the mover makes a *prima facie* showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating a material factual issue remains. **Red Star Consultants, LLC**, 242 So.3d at 611. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Willis v. Medders**, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050.

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines v. Garrett**, 04-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*). A genuine issue is one as to which reasonable persons could disagree. If reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Hines**, 876 So.2d at 765-66. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Action Oilfield Services, Inc. v. Energy Management Company**, 18-1146 (La.App. 1 Cir. 4/17/19), 276 So.3d 538, 542.

Louisiana Revised Statutes 49:953, which sets the procedure for the adoption of rules, requires an agency to publish notice of its intent to adopt, amend, or repeal any rule in the Louisiana Register. **Women's and Children's Hosp. v. State, Dept. of Health and Hospitals**, 08-946 (La. 1/21/09), 2 So.3d 397, 401; **Liberty Mut. Ins. Co. v. Louisiana Ins. Rating Com'n**, 96-0793 (La.App. 1 Cir. 2/14/97), 696 So.2d 1021, 1025, writs denied, 97-2069, 97-2062 (La. 12/19/97), 706 So.2d 451, 452. The agency must provide interested persons with copies of the intended rule, and it must offer them a reasonable opportunity to respond. LSA-R.S. 49:953A(2)(a) and (2)(b)(i). Particularly, LSA-R.S. 49:953A(2) provides, in relevant part:

> A. Prior to the adoption, amendment, or repeal of any rule, the agency shall:

* * *

(2)(a) Afford all interested persons reasonable opportunity to submit data, views, comments, or arguments, orally or in writing. ...

(b)(i) ...The agency shall consider fully all written and oral comments and submissions respecting the proposed rule.

(ii) The agency shall issue a response to comments and submissions describing the principal reasons for and against adoption of any amendments or changes suggested in the written or oral comments and submissions.

The LAPA also provides that no rule is valid unless it was adopted in substantial compliance with the provisions of the LAPA. LSA-R.S. 49:954A; **Women's and Children's Hosp.**, 2 So.3d at 401. Further, no rule shall be effective or enforceable unless: (1) it was properly filed with the State Register, (2) a report on the rule was submitted to the legislature in accordance with LSA-R.S. 49:968, and (3) the approved economic and fiscal impact statements required by LSA-R.S. 49:953A were filed with the Department of the State Register and published in the Louisiana Register. **Id.**

In its appeal, the Department argues that it presented sufficient evidence to show that the Department substantially complied with the LAPA, including "the LAPA's built in compliance mechanism of legislative oversight." The Department asserts that it is indisputable that it complied with the statutorily prescribed steps in the rulemaking process and that its compliance was confirmed by the legislature's acceptance of the oversight report.

In response, June Medical asserts that the Department's evidence was conclusory and summary judgment was properly granted in its favor. June Medical argued that it was entitled to judgment as a matter of law because the Regulations were adopted "without substantial compliance with required rulemaking procedures." Specifically, June Medical asserted that the Regulations were adopted without complying with notice and comment rulemaking, namely:

1) The Department failed to fully consider all written and oral public comments submitted regarding the Regulations, and

2) The Department failed to adequately respond to the comments, including by failing to describe the reasons for and against adoption of the changes suggested in the public comments.

In support of its motion, June Medical submitted over 500 pages of documentation, including letters, emails, affidavits, and memoranda, in connection with the rulemaking process for the Regulations. Particularly, June Medical points to the global response by the Department, which provided, in pertinent part:

> Numerous public comments were received regarding the proposed Rule. The Department will take these comments into consideration as we move forward with the administrative rulemaking process to establish clear and concise provisions governing the licensing standards for abortion facilities.

June Medical maintained that the Department's response, on its face, failed to substantially comply with the LAPA as the response was not a response to the public's comments. June Medical further asserted that it presented evidence that the timeline of events and internal correspondence established that the Department could not have possibly fully considered the public comments as required by the LAPA.

In response to June Medical's motion, the Department offered the affidavit of Veronica Dent, a Program Manager for the Department. In her affidavit, Ms. Dent stated that to ensure substantial compliance with the rulemaking process, particularly responses to the numerous comments submitted after notice of the rules was provided, the rulemaking section of the Department sought guidance and approval from the State Register. She further attested that the Department received a large box containing thousands of comments after publishing the required notice of the rules and that "[e]ach of these comments was reviewed by [the Department's] rulemaking staff and a global response was issued." Ms. Dent also stated that many of the comments were form letters that were bundled inside of the large box and contained nothing substantive; that many comments came in by email and that these comments were reviewed as they were received; and that global responses to large numbers of comments are permitted and this was verified by the State Register.

Further, Ms. Dent attested that a rule does not have to be revised to include substantive comments and this can be verified by the State Register; that the rules were properly filed with the State Register; that the required legislative oversight report was sent to the legislative committee and there was no legislative objection or legislative hearing scheduled, thus the oversight report and any revisions thereto was accepted by the legislature; and that the approved economic and fiscal impact statements of the rules were filed with the Department of the State Register and published in the Louisiana Register. Lastly, Ms. Dent stated that it was her understanding that if a rule is out of compliance with the rulemaking process, the State Register will publish the rule and note that it was not promulgated in compliance with the LAPA and that the rules at issue did not contain this type of notation from the State Register.

The basis for June Medical's motion for summary judgment was the Department's failure to consider and to adequately respond to the public comments. Although June Medical argues that the Department failed to review the many comments, Ms. Dent attested that all public comments were reviewed and considered as they were received. Additionally, despite June Medical's contention that the Department's response to the comments was insufficient on its face, Ms. Dent's affidavit establishes that many of the comments were form letters and contained nothing substantive and that the global response to the thousands of comments was permitted, as verified by the State Register. June Medical failed to show that a global response was not permitted under these circumstances.

Accordingly, based on our *de novo* review, we find that June Medical failed to present sufficient evidence to establish that there were no genuine issues of material fact that the Department failed to substantially comply with the rulemaking process as required by the LAPA. Therefore, June Medical's motion for summary judgment was improperly granted, and we reverse the summary judgment in favor of June Medical.

## CONCLUSION

For the foregoing reasons, we reverse the January 3, 2019 summary judgment of the district court and remand this matter to the district court for further proceedings. All costs of this appeal are assessed to the plaintiff, June Medical Services, LLC d/b/a Hope Medical Group for Women.

**REVERSED AND REMANDED.**